**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

DAVIS KITCHEN & TILE, LLC,

      Debtor.

Case No. 1:26-bk-00343

Chapter 11, Subchapter V

**ORDER AUTHORIZING ASSUMPTION OF COMMERCIAL LEASE
PURSUANT TO 11 U.S.C. § 365**

Upon consideration of the Debtor's Motion to Assume Commercial Lease Pursuant to 11 U.S.C. § 365 (the "Motion"), filed by Davis Kitchen & Tile, LLC, (the "Debtor"); and notice of the Motion being adequate and proper under the circumstances; any objections having been overruled or resolved; and for good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Shopping Center Lease dated May 5-6, 2022, between the Debtor, as Tenant, and WHLR-Pierpont Center, LLC ("WHLR"), as Landlord, for Store Number 3 at Pierpont Centre Shopping Center, 831 Venture Drive, Morgantown, West Virginia 26508, as more fully described in the Motion (the "Lease"), is an unexpired lease of nonresidential real property that was not terminated under applicable nonbankruptcy law prior to the filing of the Debtor's Chapter 11 petition on May 14, 2026.

3. The Debtor is authorized to assume the Lease pursuant to 11 U.S.C. § 365(a) and (b). The Lease is hereby assumed.

4. The cure amount required under 11 U.S.C. § 365(b)(1) is established at $113,463.92 representing the stipulated rent arrearage, plus any post-petition rent that becomes due and payable under § 365(d)(3) through the date of assumption and any other amounts

determined by this Court. The cure shall be paid through the Debtor's Subchapter V plan of reorganization or upon such schedule as determined by the Court.

5. The automatic stay under 11 U.S.C. § 362(a) is hereby enforced to prevent WHLR from taking any action to enforce the Agreed Order Regarding Eviction and Damages entered by the Circuit Court of Monongalia County on May 14, 2026 in Case No. CC-31-2025-C-274, including without limitation obtaining or executing any writ of possession or otherwise seeking to remove the Debtor from the Premises, without first obtaining relief from the automatic stay from this Court.

6. The Debtor shall timely perform all of its obligations under the Lease as they come due from the petition date forward pursuant to 11 U.S.C. § 365(d)(3), and any failure to do so shall entitle WHLR to seek appropriate relief from this Court.

7. Nothing in this Order shall be construed to release or discharge Christopher Collins from his personal obligations under the Guaranty of Lease (Exhibit E to the Lease), which is a separate and independent obligation unaffected by this Order.

8. This Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any disputes arising from the assumption of the Lease, including without limitation disputes regarding the cure amount, adequate assurance of future performance, and WHLR's rights under the Lease.

**SO ORDERED.**