## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

**DAVIS KITCHEN & TILE, LLC,**                    **Case No. 1:26-bk-00343**

   **Debtor**                                      **Chapter 11, Subchapter V**

### UNITED STATES TRUSTEE'S OBJECTION TO THE
### DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN

The Acting United States Trustee for Region 4, Matthew W. Cheney ("U.S. Trustee"), by counsel, hereby objects to the Debtor's Subchapter V Chapter 11 Plan ("Plan") (dkt. 53). As grounds for the objection, the U.S. Trustee states as follows:

### Background

1. The Debtor, Davis Kitchen & Tile, LLC ("Debtor" or "DKT") filed a Petition under Chapter 11, Subchapter V of the Bankruptcy Code on May 14, 2026. Dkt. 1. Joe Supple was appointed Subchapter V Trustee. Dkt. 27.

2. The Debtor's status hearing is scheduled for June 30, 2026 and a confirmation hearing is currently scheduled for July 30, 2026. For the reasons set forth herein, the U.S. Trustee asserts that Confirmation cannot go forward as scheduled due to substantive deficiencies in the Plan and procedural notice deficiencies arising therefrom.

3. On May 27, 2026, the Debtor filed Schedules, a Statement of Financial Affairs, and related Declarations. Dkt. 43.

4. The Debtor filed its Plan on May 31, 2026. Dkt. 53. The Plan is modified by the Stipulation with First United Bank & Trust ratified by this Court's Order dated June 10, 2026. Dkts. 63, 64.

5.      The U.S. Trustee, by undersigned counsel, conducted a meeting of creditors pursuant to Bankruptcy Code section 341 on June 16, 2026. The U.S. Trustee continued the meeting of creditors to June 25, 2026 to obtain information that the Debtor's representative could not provide during the meeting. The Debtor provided the U.S. Trustee with responsive information via email dated June 23, 2026. The continued meeting of creditors was convened and concluded on June 25, 2026.

**Grounds for Objection: the Debtor Has Not Provided Adequate Notice to Known Creditors**

6.      During the initial meeting of creditors, the Debtor's representative, Christopher Collins[1], testified that certain clients of the Debtor had been overlooked in preparation of the Petition and Schedules. Amended Schedules are expected to be filed.  By way of example and not of limitation, the Debtor's representative testified that it has approximately 23 projects/contracts comprising work in progress.  The Debtor's Schedules list one party on Schedule G.[2]

7.      As a result of the Debtor's failure to include all parties in interest in the initial bankruptcy filing and/or the Debtor's classification of their claims or interests, it is unlikely that parties have received adequate notice of the underlying bankruptcy or the Plan and its proposed treatment of them. "What type of notice is reasonable or adequate, however, depends on whether

---

[1] Mr. Collins owns 85% of the Debtor. His wife owns the other 15%.

[2] At the U.S. Trustee's request, the Debtor has provided a list of 25 jobs, by client name, for which deposits have been made. Mr. Collins testified at the initial meeting of creditors that client deposits are not necessarily used for each respective client's job when made. None of these clients who have provided deposits to the Debtor are listed in the Debtor's schedules. There is no accounting for the amount of deposit for each although total work in progress is listed on Schedule A/B as $445,361.00. The Debtor has also provided a list of 16 customers requesting refunds dating back to January 1, 2024, four of which have been paid. Seven of the remaining twelve customers listed appear on Schedule E/F and are listed in the Plan as receiving 100% payouts. The other five, in addition to the twenty-five in progress, are unscheduled and not included in the Plan. Additional information regarding the Debtor's intentions on repaying the remaining five customers requesting refunds is necessary for an accurate feasibility evaluation, and the twenty-five customers who have deposits with the Debtor should be scheduled in order to receive notice of these proceedings as they are creditors who may potentially assert rights in this matter.

the creditor is 'known' or 'unknown' to the debtor. . . . If a creditor is 'known' to a debtor, actual notice of a debtor's bankruptcy filing and bar date must be given to the creditor in order to achieve a legally effective discharge of the creditor's claim. *In re XO Communs., Inc.*, 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003)

8.   The Debtor's representative and 85% owner, Mr. Collins also testified during the meeting of creditors that he had received "insignificant" owner draws in a timeframe prior to the filing of the Petition.  The Debtor's Statement of Financial Affairs discloses only a $3,100 per month salary to Mr. Collins at 30.1, and the amount of any other owner draws is unascertainable. Even though the current Plan purports to pay 100% to unsecured creditors, all creditors have a right to notice of an accurate amount of pre-petition transfers to Mr. Collins.

9.   Pre-petition bank statements provided to the U.S. Trustee include bank statements for Mr. Collins' other businesses which involve some transactions on behalf of the Debtor, and the statements for the Debtor indicate transfers to the other businesses' bank accounts as well as what appear to be payments of Mr. Collins' personal bills. The Debtor should provide an accurate report detailing and totaling all owner draws in the two years prior to the filing of the Petition so that the Court and parties in interest can accurately evaluate the Plan's feasibility.

**Grounds for Objection: the Plan Lacks Adequate Information for Confirmation**

10.   Adequate information for disclosure purposes in Chapter 11 has been described as "all information that is reasonably necessary to permit creditors and parties-in-interest to fairly and effectively evaluate the plan." *In re Robert's Plumbing & Heating, LLC*, 2011 Bankr. LEXIS 2879, at *5 (Bankr. D. Md. July 20, 2011); see also *In re A.H. Robbins Co., Inc.*, 1998 U.S. App. LEXIS 1826 (4th Cir. 1998). The Petition, Schedules, and Plan combined with the meeting of

creditors testimony of the Debtor's representative demonstrate the inadequacy of disclosures in the Debtor's Schedules and current proposed Plan.

11.     The Plan proposes unusually low interest rates, below statutory guidelines, for IRS and WV State Tax Department. Upon information and belief, the Debtor has reached an agreement to pay the WV State Tax Department at the statutory interest rate. The IRS has filed a proof of claim and is able to address its own interest rate concerns; however, the net effect of any interest rate changes on distributions to unsecured creditors from the Plan base must be provided in an amended Plan for the Court and parties in interest to accurately evaluate the Plan's feasibility. The Debtor asserts that the IRS' claim may be significantly reduced upon the Debtor's filing of 2025 tax returns; similarly, the net effect of any such reduction plays into an accurate evaluation of feasibility. The Plan cannot be confirmed without more clarity regarding priority tax claims against the Debtor.

12.     The Debtor has entered into a Stipulation with secured creditor First United Bank & Trust ("FUBT") (dkt. 64) that increases the interest rate by 1% and total monthly payments by approximately $1,200.00 per month. This change may also effect the distribution to unsecured creditors and accordingly, the Debtor must amend its Plan to clarify any change before the Court and parties in interest can accurately evaluate the Plan's feasibility.

13.     Overall, the Debtor's omissions from its Schedules and Plan, and changes to calculation of other payments proposed under the Plan, prohibit accurate evaluation of Plan feasibility and deprive unlisted creditors of appropriate notice of these proceedings.

**Relief Requested**

WHEREFORE, in light of the foregoing, the U.S. Trustee respectfully requests:

1.     That the Court require the Debtor to file amended Schedules curing all deficiencies and providing adequate notice of these proceedings to all creditors, including all clients of the Debtor;

2.     That the Court require the Debtor to file an amended Plan accurately reflecting all financial information necessary for parties in interest to fairly and effectively evaluate the Plan; and

3.     That the Court reset the confirmation hearing on the amended Plan so that reasonable notice is provided to all parties in interest.

Dated: June 26, 2026                                    Respectfully submitted,

                                                        **MATTHEW W. CHENEY
                                                        ACTING UNITED STATES TRUSTEE
                                                        REGION 4**

By Counsel:

/s/*Beth Kavitz*
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U. S. Trustee
300 Virginia Street East, Rm. 2025
Charleston, WV  25301
(304)347-3418
Beth.Kavitz@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System.  All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF. Such parties include:

Ryan W. Johnson, Esq.
*Attorney for Debtor*

Joe Supple, Esq.
*Subchapter V Trustee*

Dated:  June 26, 2026

/s/ Beth Kavitz
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov