**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

IN RE:

|  |  |
|---|---|
| **DAVIS KITCHEN & TILE, LLC,** | **Case No. 1:26-bk-00343**<br>**Chapter 11** |
| **Debtor**. | **Honorable David L. Bissett** |

---

**BFS GROUP LLC F/K/A O.C. CLUSS LUMBER COMPANY OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN**

---

BFS Group LLC f/k/a O.C. Cluss Lumber Company  ("O.C. Cluss"), a creditor in the above-styled case, by and through counsel, Sarah C. Ellis and the law firm of Steptoe & Johnson PLLC, and pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, hereby files this objection to confirmation of the proposed Subchapter V Chapter 11 Plan (the "Plan") filed by Davis Kitchen & Tile, LLC ("Debtor"). In support of this objection, O.C. Cluss states as follows:

**FACTUAL BACKGROUND**

1.     The Debtor, Davis Kitchen & Tile, LLC filed a voluntary Chapter 11, Subchapter V bankruptcy petition on May 14, 2026 ("Petition Date"). [*See* Docket Entry No. 1] The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession under 11 U S C. §1107(a) and 1108.

2.     On May 31, 2026, the Debtor filed its proposed Plan [*See* Docket Entry No. 53]. The Court, pursuant to Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, set June 29, 2026 as the deadline for filing a written object to confirmation of the Plan [*See* Docket Entry 56].

3. O.C. Cluss provided labor, services, material, supplies and/or equipment to Debtor for use in the construction of a residential home, or for other improvements to the real estate owned by Lukas Eric Dalton.

4. O.C. Cluss invoiced Debtor for all labor, services, material, supplies and/or equipment furnished by it to the property owned by Lukas Eric Dalton, and the total sums of amounts due and owing under those invoices are One Hundred Three Thousand, One Hundred Seventy-Nine Dollars and Seventy-One Cents ($103,179.71) ("Lukas Eric Dalton Project").

5. On April 25, 2025, O.C. Cluss recorded a Notice of Mechanic's Lien in the office of the Clerk of the County Commission of Monongalia County, West Virginia, in Book 29, at page 691, in the amount of One Hundred Three Thousand, One Hundred Seventy-Nine Dollars and Seventy-One Cents ($103,179.71), claiming a lien on the real property owned by Lukas Eric Dalton's for the Debtor's non-payment of the services rendered by O.C. Cluss to Debtor which unjustly enriched Lukas Eric Dalton.

6. O.C. Cluss filed a civil action in the Circuit Court of Monongalia County, West Virginia, Civil Case No. CC-31-2025-C-360, on September 16, 2025, against Debtor and Lukas Eric Dalton to enforce its mechanic's lien recorded on April 25, 2025, in the amount of $103,179.71; however, pursuant to 11 U.S.C. § 362, the filing of the Debtor's Chapter 11, Subchapter V bankruptcy petition on May 14, 2026, automatically stayed the enforcement action, including any judicial proceedings to recover the amounts owed under the mechanic's lien.

7. The Debtor also has outstanding payments due to O.C. Cluss on two other projects, namely the Canyon Creek Falls #25 project in the amount of $4,694.00 ("Canyon Creek Project") and the Sabraton #1228 Project in the amount of $8,511.89 ("Sabraton Project").

8.     The Debtor has made payments to the O.C. Cluss in the amounts and specific projects as follows:

a.     $35,076.00 for the Lukas Eric Dalton Project;

b.     $32,302.32 for the Lukas Eric  Dalton Project;

c.     $500.00 for the Canyon Creek Project;

d.     $500.00 for the Canyon Creek Project.

9.     As of the Petition Date, the Debtor had an outstanding balance of Forty-Eight Thousand, Seven Dollars and Fifty-Eight Cents ($48,007.58).

10.     Under the Plan, O.C. Cluss is listed as an unsecured, non-priority creditor with an unsecured claim of $803.96.

<u>**O.C. CLUSS OBJECTIONS**</u>

11.     The Plan is non-consensual and, as a result, Debtor must satisfy all of the criteria of 11 U.S.C. § 1191(b) in order to be confirmed. Specifically, Section 1191(b) of the Bankruptcy Code provides that the Court shall confirm a non-consensual plan if all applicable requirements of 11 U.S.C. § 1129(a), other than subsections (8), (10), and (15), are met, the plan does not discriminate unfairly, and the plan is fair and equitable with respect to each class of claims or interests.

12.     Debtor is unable to satisfy the following requirements of Section 1191(b) of the Bankruptcy Code:

a.     11 U.S.C. § 1191(c)(2) requires that for the plan to be fair and equitable under 11 U.S.C. § 1191(b) with respect to each class of claims or interest, as of the effective date of the plan, the plan must provide that all of the

projected disposable income of the debtor to be received in the 3-year period (or up to 5 years, as fixed by the court) will be applied to make payments under the plan. Alternatively, the value of the property to be distributed within that period must not be less than the projected disposable income.

b.    Here, the Plan calculates distributions based on an understated claim amount of $803.96 and therefore does not properly apply the Debtor's disposable income to satisfy the actual outstanding amount of the $48,007.58.

c.    11 U.S.C. §1191(c)(3) requires that for the plan to be fair and equitable under 11 U.S.C. § 1191(b) with respect to each class of claims or interest, the debtor will be able to make all payments under the plan; or there is a reasonable likelihood that the debtor will be able to make all payments under the plan, and the plan provides appropriate remedies to protect holders of claims in the event that the payments are not made.

d.    Here, the Plan's feasibility analysis is defective because it is predicated on servicing an understated claim amount of $803.96 and therefore fails to provide adequate remedies for O.C. Cluss's actual outstanding amount of the $48,007.58.

13.    O.C. Cluss reserves the right to amend this Objection and assert further objections to confirmation of the Plan as additional information is made available in this bankruptcy.

## CONCLUSION

WHEREFORE, BFS Group LLC f/k/a O.C. Cluss Lumber Company respectfully requests that this Court sustain its objection to the Debtor's Subchapter V Chapter 11 Plan, as proposed.

Respectfully submitted this 29th day of June, 2026.

**BFS GROUP LLC F/K/A O.C. CLUSS LUMBER COMPANY**

By Counsel

*/s/ Sarah C. Ellis*
Sarah C. Ellis (WV Bar No. 10434)
Steptoe & Johnson PLLC
P. O. Box 1588
Charleston, WV  25326-1588
Phone:     (304) 353-8127
Facsimile: (304) 353-8180
Email:  sarah.ellis@steptoe-johnson.com

*Counsel for BFS Group LLC f/k/a O.C. Cluss Lumber Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of June, 2026, I served the foregoing *BFS GROUP LLC F/K/A O.C. CLUSS LUMBER COMPANY OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN* upon all counsel of record and the parties who are registered to receive electronic notice through the Court's ECMF system.

*/s/ Sarah C. Ellis*
Sarah C. Ellis (WV Bar No. 10434)

31494629.2