UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                                                    Case No. 1:26-bk-00343

**Davis Kitchen & Tile, LLC,**                                           Chapter 11
                    Debtor.

## DEBTOR'S MOTION TO CONTINUE CONFIRMATION HEARING AND TO ESTABLISH SUPPLEMENTAL NOTICE, BAR DATE, AND VOTING DEADLINES

Davis Kitchen & Tile, LLC, (the "Debtor"), by counsel, respectfully moves this Court, pursuant to Fed. R. Bankr. P. 2002, 3017.2, 3018, and 9006, and 11 U.S.C. §§ 105(a), 1128, and 1191, for an order continuing the confirmation hearing currently scheduled for July 30, 2026, and establishing supplemental notice, claim-bar, and voting deadlines for creditors added to the Debtor's schedules by amendment. In support of this Motion, the Debtor states as follows:

### BACKGROUND

1.      On May 14, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and elected to proceed under Subchapter V. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession.

2.      On May 19, 2026, the Bankruptcy Noticing Center transmitted the Notice of Chapter 11 Bankruptcy Case (Official Form 309F2) (Doc. 35), which established, among other things, a non-governmental proof of claim bar date of July 23, 2026, a governmental bar date of November 10, 2026, and a meeting of creditors held June 16, 2026.

3.      On May 31, 2026, the Debtor filed its Subchapter V Chapter 11 Plan (the "Plan") (Doc. 53).

4.      On June 1, 2026, the Court entered its Order and Notice Setting Confirmation Hearing and Related Deadlines (Doc. 56), scheduling a confirmation hearing for July 30, 2026, at 11:00 a.m., establishing June 29, 2026 as the deadline to object to confirmation and to transmit

ballots, and directing the Debtor to file a ballot summary and report on consensual versus nonconsensual confirmation at least three business days before the hearing.

5.      The Debtor timely served the Plan, a ballot, and the Court's order on the creditors and parties in interest reflected in the Debtor's schedules and the Certificate of Notice (Doc. 35), and has received ballots from an impaired voting class, Class 7.1 (Undisputed General Unsecured Claims), and ballot has accepted the Plan.

6.      On June 22, 2026,  the State of WV, Attorney General's Office, Consumer Protection Division filed its objection to Confirmation of Plan. (Doc No. 87). On June 26, 2026, the  United States Trustee  files its objection to the Debtor's Chapter 11 plan (Doc. 95).  Both the objections of the Attorney General and the United States Trustee cited as a basis for their objections certain creditors who were no included on the Debtor's original mailing list for the case.

7.      On July 7, 2026, the Debtor filed amended schedules listing additional creditors and parties in interest (the "Newly Added Creditors").  The non-governmental proof of claim bar date in this case is July 23, 2026.

**RELIEF REQUESTED AND GROUNDS**

8.      The Newly Added Creditors did not receive the Notice of Chapter 11 Bankruptcy Case, did not receive notice of the meeting of creditors, have not been served with the Plan or a ballot, and have not had an opportunity to file a proof of claim, to vote on the Plan, or to object to confirmation.

9.      Due process and the Bankruptcy Code require that all creditors receive adequate notice of, and a meaningful opportunity to participate in, the claims and confirmation process before they may be bound by a confirmed plan under 11 U.S.C. § 1141. Proceeding to confirmation on July 30, 2026 would deprive the Newly Added Creditors of that opportunity.

10.     Accordingly, the Debtor requests that the Court continue the confirmation hearing to a date not less than 60 days after the July 23, 2026 non-governmental bar date, and establish supplemental deadlines affording the Newly Added Creditors the same notice, claim-filing, voting, and objection rights that the originally scheduled creditors received.

11.     The Debtor will file an amended Plan following the non-governmental proof of claim bar date to account for the claims of the Newly Added Creditors. To the extent an amended Plan is filed, the Debtor will re-solicit and re-notice the amended plan as required by Fed. R. Bankr. P. 3019; acceptances or rejections previously submitted with respect to the Plan will be deemed to apply to the amended Plan to the extent permitted by Rule 3019 where the modification does not adversely change the treatment of the claim of any creditor who has not accepted the modification in writing.

12.     In order to afford the Newly Added Creditors adequate notice and to preserve an orderly path to confirmation, the Debtor proposes the following cascade of deadlines:

| Event / Deadline | Proposed Date |
| --- | --- |
| Non-governmental proof of claim bar date (existing) | July 23, 2026 |
| Debtor files Amended Plan | On or before August 10, 2026 |
| Supplemental proof of claim bar date for newly added creditors | September 4, 2026, or as set by the Court |
| Deadline for newly added creditors, or adversely affected creditor under any amended plan, to object to confirmation and to transmit ballots accepting or rejecting the Amended Plan. | September 7, 2026, or as set by the Court |
| Debtor files ballot summary and report on consensual vs. nonconsensual confirmation under 11 U.S.C. § 1191 | On or before September 18, 2026, or as set by the Court |
| **Continued confirmation hearing** | September 24, 2026, at 11:00 a.m. US Bankruptcy Court 324 West Main Street Clarksburg, WV 26301, or as set by the Court (The Court may convert the hearing to telephonic on notice only to objecting parties and those receiving electronic notices from the bankruptcy clerk) |

13.     The relief requested is procedural, promotes the due-process rights of the Newly Added Creditors, and prejudices no party in interest. The continuance is sought in good faith and not for purposes of delay.

14.     The Debtor reserves all rights, including the right to object to the allowance of any claim of any creditor, whether originally scheduled or newly added, notwithstanding the treatment or vote of such claim under the Plan, and the right to seek confirmation of the Plan or any amended Plan on a nonconsensual basis under 11 U.S.C. § 1191(b) in the event any impaired class does not accept.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) continuing the confirmation hearing from July 30, 2026 to September 24, 2026 at 11:00 a.m., or such other date as the Court's calendar permits that is not less than 60 days after the July 23, 2026 non-governmental bar date; and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel,

**/s/ Ryan W. Johnson**
Ryan Winquist Johnson (WV Bar No. 14178)
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003
Telephone: 304-212-4950
Johnson.legal.services.pllc@gmail.com
Counsel for the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

A copy of this Motion to Continue was served by electronic means through the Clerk's CM/ECF systems on all parties who have filed an objection to the Debtor's Chapter 11 Plan upon the date of its filing with the Clerk.

**/s/ Ryan W. Johnson**
Ryan Winquist Johnson (WV Bar No. 14178)
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003
Telephone: 304-212-4950