| | | | |
|---|---|---|---|
| **Debtor Name:** | **Davis Kitchen & Tile, LLC** | | |
| **UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA** | | | |
| **Case Number:** | 26-bk-343 | **Date Plan Filed:** | 8/10/2026 |

# Amended Subchapter V Chapter 11 Plan

## Part 1 Notices

To Creditors and other parties in interest: Your rights may be affected by this Plan. You should read this plan carefully and discuss it with your attorney if you have one. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must timely file an objection to confirmation of this Plan. Acceptances or rejections previously submitted with respect to the Plan will be deemed to apply to the amended Plan to the extent permitted by Fed. R. Bankr. Rule 3019 where the modification does not adversely change the treatment of the claim of any creditor.

**Important Deadlines:**

**Objections.** Any objection to this Plan must be in writing and filed with the Court on or before **28 days** after the date that this Plan was filed with the Court or pursuant to any order or notice issued by the Court or Clerk.

**Ballots.** Each creditor in each impaired class listed herein that has an allowed claim is entitled to vote to accept or reject this Plan. A form ballot is attached hereto. Ballots must be mailed to the below address on or before **28 days** after the date that this Plan was filed with the Court, or pursuant to any order or notice issued by the Court or Clerk.

Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003

If your claim is unimpaired by this Plan, you are not entitled to vote. You are further notified if you have an impaired claim and fail to vote, your failure to vote may be deemed acceptance of the Plan and the Court may determine that this Plan may be consensually confirmed.

**Confirmation Hearing.** The Court will set a confirmation hearing on further notice to parties in interest. The Court may limit notice of the Confirmation Hearing to parties that have filed an objection to the Plan or that have otherwise entered an appearance in the case and requested notice. Unless otherwise ordered by the Court, only parties that have timely filed an objection to confirmation of this Plan may be heard at the scheduled Confirmation Hearing. In the absence of any timely filed objection, the Court may confirm this Plan without, or in advance of, the Confirmation Hearing.

**Administrative Expense Application Deadline.** Any party claiming an administrative expense priority pursuant to 11 U.S.C § 507(a)(2) and § 330(a), must file an application with the Court to have such administrative claim approved within **14 days** of the date of the Order that confirms this Subchapter V Chapter 11 plan.

**Rejection Claims**. A proof of claim arising from the rejection of an executory contract or unexpired lease must be filed no later than **28 days** after the date of the order confirming this Plan. Any claim not timely filed will be barred unless otherwise ordered by the Court.

**Effective Date**. Once confirmed, the Effective Date of this Plan is **45 days** after the date of the entry of the confirmation order. At the option of the Debtor, the Effective Date may be delayed if this Plan requires a necessary consent for implementation from a governmental or other material third-party. If such consents or approvals, if required, cannot be obtained on or before the Effective Date, the Debtor will file a notice of a delayed Effective Date with the Court.

**Objections to Claim**. Notwithstanding the treatment of any claim in any Part of Class herein, the Debtor reserves the right to object to the claim of any creditor, equity interest holder, or party in interest.

## Part 2 Brief History of the Business Operations of the Debtor

Davis Kitchen & Tile, LLC (d/b/a DKT Retail) (the "Debtor") is a West Virginia domestic limited liability company organized on April 8, 2002, with a charter expiration date of April 8, 2052. The Debtor's principal office and registered agent address is 831 Venture Drive, Morgantown, West Virginia 26508. The Debtor is managed by Christopher Collins, the 85% owner of the Debtor. The Debtor has been in existence since 1910.

The Debtor's business purpose as registered with the West Virginia Secretary of State is identified under NAICS code 2361 — Residential Building Construction, encompassing new single-family and multi-family housing as well as residential remodeling. The Debtor operates in the kitchen and tile remodeling sector, employing crews to perform contractor and installation work for residential customers in the Morgantown, West Virginia area and surrounding communities. The Debtor underwent a period of internal restructuring following the sale of the business to the Debtor's principal and the untimely death of the operations manager who had contracted to remain in place for a period of years. Prior to filing the Chapter 11 bankruptcy petition, that internal restructuring was completed, however, the Debtor was behind on its commercial lease and facing eviction. This Chapter 11 bankruptcy case was filed to stop that eviction process, cure existing defaults in the Debtor's commercial lease, and pay creditors of the bankruptcy estate in an orderly manner as provided for in this Plan.

The Debtor's original plan was filed on May 31, 2026. After that date, five additional creditors were identified that were not included in the original bankruptcy schedules or original Chapter 11 plan. Also, at the request of the State Attorney Geneal and the Office of the United States Trustee, parties with works in progress at David Kitchen & Tile were identified on Amended Schedule G. Those parties with agreements with Davis Kitchen & Tile are listed as having executory contacts for purposes of this plan with those projects being assumed by the Debtor in this Chapter 11 proceeding. A party with a pending project at Davis Kitchen & Tile need not undertake any affirmative step to preserve the obligations of payment and performance, but it such a party wishes to reject the pending project, a rejection claim must be filed no later than 28 days after the date of the order confirming this plan.

## Part 3 Discharge of Debts & Injunction

**Discharge:** The Debtor asserts that:

| | |
|---|---|
| | The Debtor IS NOT eligible for a discharge in this case |
| X | The Debtor IS eligible to receive a discharge under subchapter V of Chapter 11 |

If this Plan is consensually confirmed, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d) of the Bankruptcy Code.

If the Plan is non-consensually confirmed, as soon as practicable after completion by the Debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the Court may fix, unless the Court approves a written waiver of discharge executed by the Debtor, the Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under § 503 of the Bankruptcy Code and provided for in the Plan, except any debt— (1) on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the court; or (2) of the kind specified in section 523(a) of the Bankruptcy Code, as applicable.

Unless otherwise specified herein, a claim against the Debtor or the Debtor's estate is discharged in this Plan regardless of whether a creditor has filed a proof of claim. However, this Plan may pay a creditor as specifically set forth herein notwithstanding the fact that the creditor did not file, or did not timely file, a proof of claim in this case.

**Release of Claims**. The consideration to be distributed under the Plan shall be in exchange for, and in complete satisfaction and release of, all claims against the Debtor or any of its assets or properties, including, without limitation, any claim accruing after the Petition Date and prior to the Effective Date.

**Injunction**. Except as otherwise expressly provided in this Plan or in any order confirming this Plan, Confirmation of this Plan creates an injunction against all claimants or persons who have held, hold or may hold claims that existed prior to the Effective Date, and such claimants and persons are permanently enjoined on and after the Effective Date against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor on account of claims against the Debtor, or on account of claims released by this Plan; (ii) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any property; or (iii) creation, perfection or enforcement of any encumbrance of any kind against the Debtor arising from a claim. This provision does not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination in the Bankruptcy Court of the amount of any claims that arose prior to the Effective Date. Claimants and parties asserting entitlement to payment of administrative claims incurred prior to the date of Confirmation shall be permanently enjoined from asserting any Claim against the Debtor or their retained assets based upon any act or omission, transaction or other activity that occurred prior to the Confirmation date, except as otherwise provided in the Plan, whether or not a proof of claim or interest was filed and whether or not such claim or interest is allowed under Section 502 of the Code.

**Third Party Releases**. Pursuant to Fed. R. Bankr. P. 3016(c), when a plan provides an injunction against conduct not otherwise enjoined by the Bankruptcy Code, such injunctions must be described in specific and conspicuous language and identify the entities that would be subject to the injunction.

| | |
|---|---|
| X | There are no Third-Party Releases in this Plan |
| | Third Party Releases are as follows: |

| **Part 4** | Plan Payments and Length |
|---|---|

Plan Payments and Length: Plan Payments and Length. The Debtor shall submit all or such portion of the future earnings or other future income of the Debtor to the supervision and control of the Debtor as disbursing agent as is necessary for the execution of this Plan. Plan payments consist of three components: (i) the Minimum Monthly Plan Payment described in Section 4.1; (ii) the Dedicated Property described in Section 4.2; and (iii) the Supplemental Unsecured Distribution described in Section 4.4. The Minimum Monthly Plan Payment is a floor and not a ceiling. Because the Debtor's income is cyclical and dependent on contract timing, the Debtor has set the Minimum Monthly Plan Payment at a level the Debtor is confident it can sustain in every month of the Plan term, and has committed the whole of its remaining cash flow, measured on actual results rather than on projections, to the Supplemental Unsecured Distribution.

**4.1 Minimum Monthly Plan Payment:** Commencing on the first day of the first full calendar month following the Effective Date, and continuing on the first day of each month thereafter through and including the sixtieth (60th) month of the Plan term, the Debtor shall pay the sum of Fifteen Thousand Seven Hundred Fifty and 00/100 Dollars ($15,750.00) per month (the "Minimum Monthly Plan Payment"). The Minimum Monthly Plan Payments total Nine Hundred Forty-Five Thousand and 00/100 Dollars ($945,000.00) over the sixty (60) month term of this Plan. The Debtor shall receive a credit against the Minimum Monthly Plan Payment for any pre-confirmation adequate protection payment made to a creditor whose claim is treated in Part 6 of this Plan, to the extent such payment is applied to that creditor's Allowed Claim.

| | |
|---|---|
| $15,750.00 | Minimum Monthly Payment |
| 60 | Length of Plan in Months. The length of this Plan begins on the Effective Date with a credit for pre-confirmation adequate protection payments, as applicable. |
| $945,000.00 | Total Estimated Plan Payments |

**4.2 Property Dedicated to the Plan:** In addition to the Minimum Monthly Plan Payments, the Debtor dedicates to the Plan the property identified in the table set forth in Part 4 of this Plan, having an aggregate estimated net value of One Hundred Seventy-Eight Thousand Eleven and 16/100 Dollars ($178,011.16) (the "Dedicated Property"), consisting of the Subchapter V Trustee deposit and the net proceeds of the refinancing of First United Bank & Trust Loan Nos. 9001 and 9002 in month sixty (60) of the Plan (the "Refinancing").

| Property to Liquidate and Dedicate to Plan | Est. Gross Value | Est. Net Value |
|---|---|---|
| Deposit for Subchapter V Trustee | $1,000.00 | $1,000.00 |
| Refinance of Loan 9002 from First United Bank & Trust. Month 60 | $93,963.68 | $93,963.68 |
| Refinance of Loan 9001 from First United Bank & Trust. Month 60 | $83,047.48 | $83,047.48 |
| | | |
| | | |

Total Additional Property Dedicated to Plan | $178,011.16

**$1,123,011.16** **4. 3 Minimum Plan Base**

The Minimum Monthly Plan Payments and the Dedicated Property together constitute a minimum plan base of One Million One Hundred Twenty-Three Thousand Eleven and 16/100 Dollars ($1,123,011.16) (the "Minimum Plan Base"). This is a pot plan and not a percentage-payout plan. The Minimum Plan Base is a floor. The total amount actually distributed under this Plan will be the Minimum Plan Base plus all Supplemental Payments made under Section 4.4, and the percentage distribution to Class 7.1 will increase accordingly. The estimated percentage distribution stated in Part 7.1 of this Plan is calculated using the Minimum Plan Base only and does not include any Supplemental Payment.

**Summary of Total Payments Provided for in the Plan by Class**

| | | | | | |
|---|---|---|---|---|---|
| Class | 5.1 | $33,500.00 | Administrative claims | | |
| | | | $25,000.00 | 5.1.1 | Debtor's Attorney |
| | | | $3,500.00 | 5.1.2 | Subchapter V Trustee |
| | | | $5,000.00 | 5.1.3 | Accountant |
| | 5.2 | $439,194.88 | Priority Tax Claims | | |
| | | | $252,822.34 | 5.2.1 | Internal Revenue Service |
| | | | $176,029.03 | 5.2.2 | WV Tax Dept. |
| | 5.3 | $42,164.81 | $38,000.00 | 5.3 | Prioirty Customer Claims |
| | 6.3 | $36,184.00 | Interest Rate Modification to Secured Debts | | |
| | | | $36,184.00 | 6.3.1 | OnDeck |
| | 6.4 | $50,372.24 | Valued Secured Claims | | |
| | | | $50,372.24 | 6.4.1 | Ford Motor Credit Company, LLC |
| | 6.8 | $389,720.91 | Extended Debts with Ballon Payments | | |
| | | | $112,913.61 | 6.8.1 | 59 Payments on Loan 9002 to First United Bank & Trust |
| | | | $99,796.14 | 6.8.2 | 59 Payments on Loan 9001 to First United Bank & Trust |
| | | | $93,963.68 | 6.8.1 | Balloon Payment First United Bank & Trust No. 9002 |
| | | | $83,047.48 | 6.8.2 | Balloon Payment First United Bank & Trust No. 9001 |
| | 7.1 | $6,136.15 | Undisputed General Unsecured Claims | | |
| | | | $1,036,980.60 | 7.1 | Total General Unseured Claims |
| | 7.3 | $125,738.17 | Cure / Maintenance of Unsecured Debt | | |
| | | | $111,626.17 | 7.3.1 | WHLR-Pierpont Center LLC, POC #29* |
| | | | $14,112.00 | 7.3.2 | Secure Storage of Morgantown POC # 11 |
| | | **$1,123,011.16** | **Total Paid Out of Plan Base + Excess Cash Flow Payments** | | |
| | | | **0.59%** | | **Estimated Distribution based on Minimim Plan Base.** |
| | | | **$2,153,855.61** | | **Maximum Plan Base (100% distribtion)** |

**4.4 Supplemental Unsecured Distribution (Excess Cash Flow)**

**(a)** **Definitions.** For purposes of this Section 4.4:

"Plan Year" means each successive twelve (12) month period commencing on the Effective Date, provided that the fifth Plan Year shall end on the last day of the sixtieth (60th) month of the Plan term.

**"Plan Year"** means each successive twelve (12) month period commencing on the Effective Date, provided that the fifth Plan Year shall end on the last day of the sixtieth (60th) month of the Plan term.

**"Gross Receipts"** means all cash actually received by the Debtor from any source during a Plan Year, including without limitation contract income, showroom sales, service income, design and measure fees, freight income, vendor rebates, finance charge income, tax refunds, insurance proceeds, and the net proceeds of any judgment, settlement, or recovery on any claim or cause of action belonging to the Debtor or the Estate. Gross Receipts exclude (i) the proceeds of the Refinancing, (ii) customer deposits received for work not yet performed, to the extent not yet earned, and (iii) sales, use, and similar taxes collected on behalf of and remitted to a taxing authority.

**"Permitted Insider Compensation"** means the aggregate cash compensation — including salary, wages, guaranteed payments, bonus, commissions, employer retirement plan contributions, per diem, and the cash value of fringe benefits — paid during a Plan Year to Christopher Collins, to Andrea Sookhoo, and to any relative (as defined in 11 U.S.C. § 101(45)) or affiliate of either, not to exceed $3,100.00 monthly for the first Plan Year, increased for each subsequent Plan Year by the greater of three percent (3%) or the percentage increase in the Consumer Price Index for All Urban Consumers (CPI-U, U.S. City Average, All Items) over the preceding twelve months.

**"Permitted Capital Expenditures"** means cash expended during a Plan Year for the acquisition, replacement, or major repair of equipment, vehicles, leasehold improvements, or software, not to exceed Twenty-Five Thousand and 00/100 Dollars ($25,000.00) in any Plan Year. Unused amounts do not carry forward to a subsequent Plan Year.

**"Permitted Tax Distributions"** means cash distributed during a Plan Year to fund federal, state, and local income tax liability attributable to taxable income of the Debtor allocated under existing or hereinafeter effective tax rules.

**"Operating Reserve"** means unrestricted, unencumbered cash of the Debtor in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00). During the first and second Plan Years, the Debtor may retain Excess Cash Flow, cumulatively not to exceed $50,000.00, for the purpose of establishing the Operating Reserve. Once established, the Operating Reserve shall be maintained throughout the Plan term, and cash constituting the Operating Reserve shall not be included in Excess Cash Flow. If the Operating Reserve is drawn below $50,000.00, the Debtor may retain Excess Cash Flow to restore it.

**"Permitted Operating Disbursements"** means cash actually disbursed by the Debtor during a Plan Year for expenditures that are necessary for the continuation, preservation, or operation of the business of the Debtor within the meaning of 11 U.S.C. § 1191(d)(2), consisting solely of (i) ordinary-course cost of materials, direct labor, payroll taxes and workers' compensation, freight, rent and other lease obligations, utilities, insurance, professional fees, and other operating expenses of the categories reflected in the projections attached to this Plan as Attachment 1; (ii) Permitted Insider Compensation; (iii) Permitted Capital Expenditures; and (iv) Permitted Tax Distributions. Permitted Operating Disbursements do not include (A) any payment made under this Plan, (B) any distribution, dividend, redemption, loan, advance, or other transfer to or for the benefit of any holder of an equity interest, other than Permitted Insider Compensation and Permitted Tax Distributions, (C) any payment on account of a Class 7.2 subordinated insider claim, (D) any payment on account of a claim discharged by this Plan, or (E) any expenditure outside the ordinary course of the Debtor's business that has not been approved as provided in Section 4.4(g).

**"Excess Cash Flow"** means, for each Plan Year, an amount equal to (i) Gross Receipts, less (ii) Permitted Operating Disbursements, less (iii) all amounts actually paid under this Plan during that Plan Year, less (iv) amounts retained to establish or restore the Operating Reserve. Excess Cash Flow shall not be less than zero. A negative result in any Plan Year does not carry forward and does not reduce Excess Cash Flow in any subsequent Plan Year.

**"Excess Cash Flow Percentage"** means seventy-five percent (75%). The Debtor proposes this percentage to be able to meet future demands for space, costs and labor as it seeks to expand its business and increase its profitablity.

(b) **Supplemental Payment:** Within one hundred twenty (120) days after the last day of each Plan Year, the Debtor shall pay an amount equal to the Excess Cash Flow Percentage multiplied by the Excess Cash Flow for that Plan Year (each, a "Supplemental Payment"). Supplemental Payments are in addition to, and not in lieu of or in substitution for, the Minimum Monthly Plan Payments and the Dedicated Property. The Debtor may, at its option, make interim Supplemental Payments during a Plan Year, which shall be credited against the Supplemental Payment due for that Plan Year.

(c) **Application of Supplemental Payments.** Each Supplemental Payment shall be applied in the following order: first, to any then-unpaid Allowed Administrative Expense in Class 5.1; second, pro rata to accelerate the unpaid balance of Allowed Priority Tax Claims in Class 5.2 and Allowed Consumer Deposit Claims in Class 5.3; third, to accelerate the unpaid balance of the cure obligations in Class 7.3; and fourth, pro rata to holders of Allowed Class 7.1 General Unsecured Claims. Any reduction in the interest accruing on a Class 5.2 claim by reason of acceleration under this subsection shall remain within the plan base and shall be distributed pro rata to Class 7.1.

(d) **Annual Excess Cash Flow Report.** Concurrently with each Supplemental Payment, and in any event no later than one hundred twenty (120) days after the last day of each Plan Year, the Debtor shall file with the Court and serve upon the Subchapter V Trustee (if then serving), the United States Trustee, the Office of the West Virginia Attorney General, and any creditor that has filed a written request for such reports, an "Annual Excess Cash Flow Report" containing:

- **(i)** A balance sheet and statements of income and cash flows for the Plan Year;
- **(ii)** A computation of Excess Cash Flow for the Plan Year showing each component and each deduction separately;
- **(iii)** An itemization of all Permitted Insider Compensation, Permitted Capital Expenditures, and Permitted Tax Distributions, identifying each payee;
- **(iv)** Copies of the Debtor's federal and state income tax returns for the period
- **(v)** A statement of all payments made under this Plan during the Plan Year, by class.

(e) **Cap on Total Distributions.** In no event shall the aggregate of the Minimum Monthly Plan Payments, the Dedicated Property, and all Supplemental Payments exceed the amount necessary to pay all Allowed Claims treated in Parts 5, 6, and 7 of this Plan in full, together with interest at the rate provided in this Plan. Upon payment in full of all such Allowed Claims, the Debtor's obligation to make further payments under this Plan shall terminate notwithstanding that fewer than sixty (60) months have elapsed.

(f) **Prepayment.** The Debtor may prepay any amount due under this Plan at any time without penalty. Prepayment does not reduce the Debtor's obligation to make Supplemental Payments except to the extent of the cap in Section 4.4(e).

## Part 5 Administrative Expenses and Priority Claims

**5.1 Administrative Expenses:** The Debtor will pay, in full, the total amount of all administrative expenses upon the Plan's Effective Date to the extent that the Debtor has funds on hand to make such payments. To the extent that the Debtor does not have adequate funds on hand to pay such administrative expenses in full, such administrative expenses claims are to be paid pro rata, concurrently with any ongoing secured debt payments and reasonable and necessary living expenses, as applicable. Funds are to be applied first to reasonable and necessary living expenses (as applicable), second to ongoing secured debt payments, ongoing domestic support obligations, and ongoing installment payments on any assumed leases or executory contracts, third to any domestic support obligation arrearage, and only then the fees of non-DSO Administrative Expense claim holders under 11 U.S.C. § 507(a)(2). Administrative expenses are to be paid, in full, before any Plan payment is applied to a non-DSO arrearage claim or before payment is applied to any other priority or unsecured debt.

As of the Date of the filing of this Plan, the Debtor anticipates incurring the following Administrative Expenses on or before the Effective Date:

| Administrative Claim | | Est. Amt. Owed |
|---|---|---|
| 5.1.1 | Debtor's Attorney | $25,000.00 |
| 5.1.2 | Subchapter V Trustee | $3,500.00 |
| 5.1.3 | Accountant | $5,000.00 |
| | Total Estimated Administrative Payments | $33,500.00 |

**5.2 Priority Tax Claims Under 11 U.S.C. § 507(a)(8) and Secured Tax Claims That Would Otherwise Meet the Description of § 507(a)(8).** The holder of a Priority Tax Claim Under 11 U.S.C. § 507(a)(8), and the holder of a Secured Tax Claim That Would Otherwise Meet the Description of § 507(a)(8), will receive on account of such claim regular installment payments in cash, (i) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years from the date of the filing of the Debtor's bankruptcy petition, and (iii) in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan (other than cash payments made to creditors under 11 U.S.C. § 1122(b)). Payments on tax claims shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Effective Date.

| Priority Tax Claim | | Est. Amt. Owed | % | Est. Paid In Plan |
|---|---|---|---|---|
| 5.2.1 | IRS* POC #3 | 227,849.92 | 4.17% | $252,822.34 |
| 5.2.2 | WV Tax Department POC #11 | 158,641.84 | 4.17% | $176,029.03 |
| 5.2.3 | WV State Tax Department POC #23 | 9,321.83 | 4.17% | $10,343.51 |
| 5.2.4 | | | | |
| | | Total Estimated Priority Tax Payments | | $439,194.88 |

*The IRS filed a priority claim in the amount of $227,849.92. Of this amount, $103,561.97 is estimated for unfiled returns from 2025 - 2026. The Debtor's 2025 tax return is on an extension and anticipates that the estimated claim will be substantially reduced. The reduction in the priority claim will results in a larger pool of fund paid to general unsecured creditors

**5.3 Priority Deposits under 11 U.S.C. § 507(a)(7): Consumer Deposit Claims**. Consumer Deposit Claims shall constitute a separate class for purposes of treatment under this Plan. A "Consumer Deposit Claim" means an Allowed Claim entitled to priority under 11 U.S.C. § 507(a)(7), arising from a deposit made by an individual before the Petition Date in connection with the purchase of goods or services for personal, family, or household use that were not delivered or provided before the Petition Date. To the extent a Consumer Deposit Claim exceeds the statutory priority amount provided in 11 U.S.C. § 507(a)(7), the excess shall be classified and treated as a General Unsecured Claim under Class 7.1. Each holder of an Allowed Consumer Deposit Claim shall receive cash equal to the allowed priority amount of its claim in accordance with 11 U.S.C. § 1129(a)(9)(B), payable as indicated below. The Debtor reserves all rights of setoff and recoupment. Any payments, credits, merchandise, completed work, insurance proceeds, refunds, or other value previously received by the claimant shall reduce the amount of any Allowed Consumer Deposit Claim. To the extent that the Debtor has cash on hand as of the effective date of the plan, all prioirty deposits will be paid in full. To the extent that deferred payments are required, the claim will be paid with interest at the 5-year treasurey note rate in effect as of the date of confirmation.

| Consumer Deposit Claims | | Prioirty Claim | % | Est. Paid In Plan |
|---|---|---|---|---|
| 5.3.1 | Marcus and Stephanie Estlac POC #13 | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.2 | Tar and Daniel Heffernan POC # 30 | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.3 | Chad Henninfer POC #6 | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.4 | Christopher M. Lituma POC # 10 | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.5 | Stephanie Rellick POC #16 | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.6 | Robin and John Keough* | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.7 | Jennifer Lopez | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.8 | Mary Lou Wilson | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.9 | Chris Battin POC # 25* | $3,800.00 | 4.17% | $4,216.48 |
| 5.3.10 | Denise Warren POC # 27* | $3,800.00 | 4.17% | $4,216.48 |
| | **Total** | $38,000.00 | | $42,164.81 |

*To the extent that these individuals seek to continue their business relationship with Davis Kitchen & Tile and receive the promised performance, no amount will be paid on the claim.

**Part 6** Secured Claims

Each holder of an allowed secured claim shall retain the lien securing such claim, whether the property subject to the lien is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claim, until the secured portion of the claim is paid in full pursuant to the Plan. Each secured claim holder will received on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of this Plan, or at least the value of such holder's interest in the Bankruptcy Estate's interest in such property.

**6.3 Interest Rate Modification to Secured Debts:** For the secured claims listed in this section, the Debtor is proposing to modify the on-going interest rate payable to the secured creditor as follows. The Debtor reserves the right to object to On Deck's claim.

| Secured Creditor | | Collateral | $ Owed | % APR | Total Paid in Plan | $ Monthly |
|---|---|---|---|---|---|---|
| 6.3.1 | ODK Capital POC #24 | All Assets | 36,184.00 | 0.00% | $36,184.00 | 603.07 |
| | | | | Total Payments on Interest Rate Modifications to Secured Debts | $36,184.00 | 603.07 |

**6.4 Valued Secured Claims:** Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation. This Plan does not value claims. To value a claim pursuant 11 U.S.C. 506, the Debtor must file and serve a separate motion pursuant to Fed. R. Bankr. P. 3012, 7004, 9014(b), or, as applicable, file an adversary proceeding under Fed. R. Bankr. P. 7001, or submit an agreed order to the court resolving value. The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify the plan, based on the resolution of any motion, adversary proceeding, or pursuant to the terms of an agreed order regarding valuation. The amount of the creditor's claim in excess of the Debtor's valuation for the collateral shall be treated with other general unsecured claims and paid pro rata. If an order is entered treating the claim as wholly unsecured then the creditor's lien will be avoided pursuant to 11 U.S.C. 506. Notwithstanding the requriement for a motion, the Debtor may value a claim pursuant to the information contained in the creditor's filed proof of claim. The Ford Transit Van listed below was repossessed pre-petition and the Debtor anticpates obtaining the return of the vehicle.

| Creditor | | Collateral | $ Owed | $ Value | % APR | Total Paid in Plan | $ Monthly |
|---|---|---|---|---|---|---|---|
| 6.4.1 | Ford Motor Credit Company, LLC POC#5 | 2023 Ford Transit Cargo Van | $55,743.42 | $41,650.00 | 7.75% | $50,372.24 | $839.54 |
| | | | | | Total Payments on Valued Claims | $50,372.24 | $839.54 |

**6.8. Modification of Secured Debt and Balloon Payments.** The debts listed below mature before the end of the Debtor's Chapter 11 plan and the payment schedules for the below debts are modified to provide for 59 payments based on a 10-year amortization schedules at 8.75% with a balloon payment in month 60 of the confirmed plan. The payment schedule may be modified to allow for prepayments or for an earlier refinancing of the debts listed below.

| Creditor | | $ Owed | % Rate | $ Mo. 1-59 | $ Mo. 60 | Total Paid |
|---|---|---|---|---|---|---|
| 6.8.1 | First United Bank & Trust No. 9002, POC # 2 | 152,704.39 | 8.75 | 1,913.79 | 93,963.68 | 206,877.29 |
| 6.8.2 | First United Bank & Trust No. 9001 POC # 1 | 134,964.01 | 8.75 | 1,691.46 | 83,047.48 | 182,843.62 |

| Part 7 | Non-Priority Unsecured Claims |
|---|---|

**7.1 Undisputed General Unsecured Claims.** This is a pot plan and unsecured claims will be paid pro-rata. Allowed non-priority claims that are not separately classified will be paid pro rata. Payment of any dividend will depend on the amount of allowed secured and priority claims, payments to separately designated classes, and the total amount of all allowed unsecured claims. No payment will be made on non-priority unsecured claims until unsecured priority claims are paid in full. If an unsecured creditor is listed below, that creditor does not need to file a proof of claim to be paid the amount listed; however, if an unsecured creditor is not listed below, or if a creditor disagrees with the amount listed below, the creditor must timely file a proof of claim to be paid under this Plan. The distribution to non-priority unsecured creditors also includes any under secured claim or avoided lien listed in Part 6. The percentage distribution to unsecured creditors may be lowered based on timely filed claims and the percentage distribution estimated in this plan is the Debtor's best estimation based on known claims**. The percentage distribution stated in this Part is a minimum computed on the Minimum Plan Base and does not include any Supplemental Payment payable under Section 4.4.**

The value as of the Effective Date of the Plan of property to be distributed in the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated in Chapter 7 of the Bankruptcy Code on that date. A liquidation analysis is provided in Part 17 of this Plan.

| Unsecured, Non-Priority Creditor | | Unsecured Claim | % in Ch. 7 | | % in Plan |
|---|---|---|---|---|---|
| 7.1.1 | American Express POC #15 | $5,963.43 | 0.00% | | 1.00% |
| 7.1.2 | American Funds | $10,876.17 | 0.00% | | 1.00% |
| 7.1.3 | Arrow Structural Engineering | $1,752.50 | 0.00% | | 1.00% |
| 7.1.4 | Capital One POC # 12 | $130.15 | 0.00% | | 1.00% |
| 7.1.5 | CHARLESTON FILTER SERVICE INC | $162.45 | 0.00% | | 1.00% |
| 7.1.6 | Cincinnati Insurance Company POC #26 | $4,325.00 | 0.00% | | 1.00% |
| 7.1.7 | CITY OF MORGANTOWN | $2,573.03 | 0.00% | | 1.00% |
| 7.1.8 | Clark Retail Tile | $890.00 | 0.00% | | 1.00% |
| 7.1.9 | Commercial Lighting | $580.49 | 0.00% | | 1.00% |
| 7.1.10 | COMMUNICATIONS PLUS | $162.32 | 0.00% | | 1.00% |
| 7.1.11 | Croston Countertop | $860.00 | 0.00% | | 1.00% |
| 7.1.12 | Dinsmore & Shohl LLP | $1,000.00 | 0.00% | | 1.00% |
| 7.1.13 | Dreamline Shower Doors | $3,946.39 | 0.00% | | 1.00% |
| 7.1.14 | Ed Davis | $122,773.00 | 0.00% | | 1.00% |
| 7.1.15 | Edmund J. Rollo Attorneys at Law | $2,812.50 | 0.00% | | 1.00% |
| 7.1.16 | Marcus and Stephanie Estlac POC #13 ($3,800 Prioirty Claim) | $28,167.00 | 0.00% | | 1.00% |
| 7.1.17 | Express Employment | $3,163.00 | 0.00% | | 1.00% |
| 7.1.18 | Ferguson Enterprises, Inc. #142 | $22,006.63 | 0.00% | | 1.00% |
| 7.1.19 | FIERST DISTRIBUTING COMPANY POC #4 | $8,658.06 | 0.00% | | 1.00% |
| 7.1.20 | Ford Motor Credit POC #5 (undersecured portion) | $14,093.42 | 0.00% | | 1.00% |
| 7.1.21 | Freeman Retail Kitchen | $16,404.26 | 0.00% | | 1.00% |
| 7.1.22 | HAPPY FLOORS | $9,119.44 | 0.00% | | 1.00% |
| 7.1.23 | Headway Capital POC # 22 | $81,984.76 | 0.00% | | 1.00% |
| 7.1.24 | Tar and Daniel Heffernan POC # 30 ($3,800 prioirty claim) | $17,721.47 | 0.00% | | 1.00% |
| 7.1.25 | Lopez Flooring | $17,559.94 | 0.00% | | 1.00% |
| 7.1.26 | MAIL & MORE, INC | $198.27 | 0.00% | | 1.00% |
| 7.1.27 | Maniscalco | $1,833.20 | 0.00% | | 1.00% |
| 7.1.28 | Mantra Cabinetry | $1,577.16 | 0.00% | | 1.00% |
| 7.1.29 | Menards | $30,314.00 | 0.00% | | 1.00% |
| 7.1.30 | MHMC Physician Services | $120.00 | 0.00% | | 1.00% |
| 7.1.31 | MORGANTOWN POWER EQUIPMENT | $848.38 | 0.00% | | 1.00% |
| 7.1.32 | Mountain Top Glass | $1,527.61 | 0.00% | | 1.00% |
| 7.1.33 | Mountaineer Glass & Mirror | $1,831.56 | 0.00% | | 1.00% |

| | | | | | |
|---|---|---|---|---|---|
| 7.1.34 | MOUSER CUSTOM CABINETRY | $71,332.63 | 0.00% | | 1.00% |
| 7.1.35 | MT STATE TRAILER RENTAL INC | $720.80 | 0.00% | | 1.00% |
| 7.1.36 | NIC Group Inc POC # 8 | $35,855.86 | 0.00% | | 1.00% |
| 7.1.37 | BFS CLUSS POC # 17** | $48,007.58 | 0.00% | | 1.00% |
| 7.1.38 | PA Department of Revenue | $204.19 | 0.00% | | 1.00% |
| 7.1.39 | PRATT & LARSON CERAMICS INC | $9,490.13 | 0.00% | | 1.00% |
| 7.1.40 | Stone Cutters LLC d/b/a Preferred Surfaces POC #18 | $19,195.13 | 0.00% | | 1.00% |
| 7.1.41 | Premier Granite & Stone POC #7 | $5,075.00 | 0.00% | | 1.00% |
| 7.1.42 | Przybylinski Kitchen | $46,130.00 | 0.00% | | 1.00% |
| 7.1.43 | Reneau Retail Cabinets | $5,345.19 | 0.00% | | 1.00% |
| 7.1.44 | Royal Glass | $2,795.00 | 0.00% | | 1.00% |
| 7.1.45 | Schulman Lobel LLP | $4,000.00 | 0.00% | | 1.00% |
| 7.1.46 | Internal Revenue Service | $44,645.79 | 0.00% | | 1.00% |
| 7.1.47 | Sheffield Financial, a division of Truist Bank POC # 19 | $3,145.07 | 0.00% | | 1.00% |
| 7.1.48 | SHERWIN-WILLIAMS | $247.03 | 0.00% | | 1.00% |
| 7.1.49 | Staples | $1,500.68 | 0.00% | | 1.00% |
| 7.1.50 | STATE ELECTRIC | $1,132.02 | 0.00% | | 1.00% |
| 7.1.51 | Synchrony Bank/Lowes | $22,610.77 | 0.00% | | 1.00% |
| 7.1.52 | Tammy Dalton POC # 14 | $750.00 | 0.00% | | 1.00% |
| 7.1.53 | UNEMPLOYMENT COMPENSATION DIV | $12,146.77 | 0.00% | | 1.00% |
| 7.1.54 | US CABINET DEPOT | $21,990.05 | 0.00% | | 1.00% |
| 7.1.55 | Wellborn Cabinet, Inc | $19,159.43 | 0.00% | | 1.00% |
| 7.1.56 | Whipkey Flooring | $10,000.00 | 0.00% | | 1.00% |
| 7.1.57 | Fierst Distributing Company | $8,605.06 | 0.00% | | 1.00% |
| 7.1.58 | WOOD-MODE INCORPORATED | $29,988.44 | 0.00% | | 1.00% |
| 7.1.59 | WV Offices of the Insurance Commissioner | $6,604.48 | 0.00% | | 1.00% |
| 7.1.60 | Chad Henninfer POC #6 ($3,800.00 prioirty claim) | $33,851.10 | 0.00% | | 1.00% |
| 7.1.61 | Christopher M. Lituma POC # 10 ($3,800.00 prioirty claim) | $33,729.00 | 0.00% | | 1.00% |
| 7.1.62 | West Virginia State Tax Department POC # 11 | $5,755.00 | 0.00% | | 1.00% |
| 7.1.63 | Stephanie Rellick POC #16 ($3,800.00 prioirty claim) | $20,388.11 | 0.00% | | 1.00% |
| 7.1.64 | Cellco Partnership d/b/a Verizon Wireless POC # 20 | $3,730.92 | 0.00% | | 1.00% |
| 7.1.65 | Robin and John Keough* ($3,800.00 prioirty claim) | $20,606.04 | 0.00% | | 1.00% |
| 7.1.66 | Jennifer Lopez ($3,800.00 prioirty claim) | $13,799.94 | 0.00% | | 1.00% |
| 7.1.67 | Mary Lou Wilson ($3,800.00 prioirty claim) | $19,683.26 | 0.00% | | 1.00% |
| 7.1.68 | Chris Battin POC # 25* ($3,800.00 prioirty claim) | $31,702.00 | 0.00% | | 1.00% |
| 7.1.69 | Denise Warren POC # 27* ($3,800.00 prioirty claim) | $7,122.54 | 0.00% | | 1.00% |
| 7.1.70 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 7.1.71 | | | | | |
| | Totals | $1,036,980.60 | | | |

*John and Robin Keough filed POC # 21 in the amount of $24,406.04. Should the Keoughs elect to proceed with their work in progress at Davis Kitchen, no amount will be paid on Claim No. 21. Chris Battin filed Calim No. 25. Should Mr. Battin elect to proceed with their work in progress at Davis Kitchen, no amount will be paid on Claim No. 25. Denise Warren filed POC #21. Should Ms. Warren elect to proceed with her work in progress at Davis Kitchen, no amount will be paid on Claim No. 27.

** BFS Cluss filed a lawsuit in which the Debtor is one of two named parties. On information and belief, the Debtor states that the claim of BFS Cluss will be paid in full from the proceeds of property that is not proerty of this bankruptcy estate, and to the extent that such property is used to satisfy BFS Cluss's claim, BFS Cluss will not be paid from property of the estate.

**7.2 Subordinated Non-Priority Debts:** The following debts are owed to an insider of the Debtor and are subordinated to general unsecured claims. The debts listed below will only be paid during the term of the Chapter 11 plan if all other creditors are paid in full.

| Subordinated, Unsecured, Non-Priority Creditor | | Asserted Claim |
|---|---|---|
| 7.2.1 | Amare Equity, LLC | $169,784.66 |
| 7.2.2 | Christopher Collins | $249,265.16 |
| 7.2.3 | Cliffside, LLC | $314,631.95 |

**7.3 Assumption of Executory Contracts:** The Debtor proposes to assume the following contracts and pay amounts due in the ordinary course of business. **The monthly expense for the payment of the on-going rent for the commercial lease and storage lease are included as on-going expenses in the Debtor's attached operating budget. The Debtor will promptly cure the arrearages stated below.**

| Lessor | | Contract | Arrearage |
|---|---|---|---|
| 7.3.1 | WHLR-Pierpont Center LLC, POC #29* | 831 VENTURE DRIVE, Morgantown, WV 26508 | $111,626.17 |
| 7.3.2 | Secure Storage of Morgantown POC # 11 | Storage Unit | $14,112.00 |
| | | Total Arrearages Paid in Plan | $125,738.17 |

*WHLR-Piepont filed Proof of Claim No. 28 and 29. Claim 28 is a duplicate of Claim 29 and Claim 28 will not be paid.

| Unsecured Creditor | | Contract | Current Monthly | # Months | Total Paid in Plan |
|---|---|---|---|---|---|
| 7.3.1 | WHLR-Pierpont Center LLC, POC #29* | Commercial Lease - Ongoing Expense Included in Monthly Operating Budget | | | $0.00 |
| 7.3.2 | Secure Storage of Morgantown POC # 11 | Storage Lease - Ongoing Expense Included in Monthly Operating Budget | | | $0.00 |
| 7.3.3 | Angela Brugnoli, 309 Cody Drive, Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 7.3.4 | Barbara Rowan, 173 Medow View Drive, Arthurdale, WV 26520 | Work in Progress | $0.00 | | $0.00 |
| 7.3.5 | Becky Pinnell, 313 Horseshoe Road, Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.6 | Bill and Nancy Kessler, 11 Antitem Drive, Morgnatown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.7 | Bill Ramsey, 17865 Brandoncille Pike, Bruston Mills WV 26525 | Work in Progress | $0.00 | | $0.00 |
| 7.3.8 | Chris Battin, 6004 Woodland Bluff Rd., Morgantown, WV 26508 | Work in Progress: (See Claim No. 25) | $0.00 | | $0.00 |
| 7.3.9 | Denise Warren, 690 Little Falls Rd, Morgantown, WV 26508 | Work in Progress: (See Claim No. 27) | $0.00 | | $0.00 |
| 7.3.10 | Harold Allen, 1085 Autumn Ave, Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.11 | John and Robin Keough, 162 Allman Ave., Buckhannon, WV 26201* | Work in Progress | $0.00 | | $0.00 |
| 7.3.12 | Kelsie Goodwin, 1370 Woodbrine Dr., Terra Alta, WV 26764 | Work in Progress | $0.00 | | $0.00 |
| 7.3.13 | Mary and John Sellaro, 1261 Cambridge Ave., Morgantown, WV 26505 | Work in Progress | $0.00 | | $0.00 |
| 7.3.14 | Melissa Sherfinski, 112 Eucid Av., Morgantown, WV 26505 | Work in Progress | $0.00 | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 7.3.15 | Michael and Tiffany Schwalm 420 Center Street, Carmichaels, PA 15320 | Work in Progress | $0.00 | | $0.00 |
| 7.3.16 | Michael Hyde, 2596 University Ave., Morgantown, WV 26505 | Work in Progress | $0.00 | | $0.00 |
| 7.3.17 | Ray Murray, 7 Lamplighter Lane, Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.18 | Rebecca Dittenhafer, 506 NorthMain St., Masontown, PA 15461 | Work in Progress | $0.00 | | $0.00 |
| 7.3.19 | Shannon Schifano, 4003 Greystonne Dr., Morgantown WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.20 | Terri Miconi, 102 Concord St., Fairmont, WV 26554 | Work in Progress | $0.00 | | $0.00 |
| 7.3.21 | Todd and Justine Handleman, 2188 Marsh Hill Rd., MCHenry, MD 21541 | Work in Progress | $0.00 | | $0.00 |
| 7.3.22 | Troy Shutler, 2202 Maple St., Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.23 | Voyteck & Elizabeth Jeruzal, 821 Bogey Ln., Morgantown WV 26508 | Work in Progress | $0.00 | | $0.00 |
| 7.3.24 | Wincor Properties, Don Corwin, 2692 Halleck Rd., Morgantown, WV 26508 | Work in Progress | $0.00 | | $0.00 |
| | | | | Total Ongoing Payments | $0.00 |

*John and Robin Keough filed POC # 21 in the amount of $24,406.04. Should the Keoughs elect to proceed with their work in progress at Davis Kitchen, no amount will be paid on Claim No. 21

**8.1 Non-Standard Treatment:** The Debtor proposes the following non-standard treatment: In addition to the Minimum Monthly Plan Payment, the Debtor will make an annual Supplemental Payment to holders of Allowed Class 7.1 General Unsecured Claims equal to the Excess Cash Flow Percentage of the Debtor's Excess Cash Flow for each Plan Year, computed, reported, and applied as provided in Section 4.4 of this Plan. The percentage distribution to Class 7.1 stated in Part 7.1 is a minimum. The Debtor's actual distribution to Class 7.1 will be higher to the extent the Debtor generates Excess Cash Flow, and the Debtor's obligation to make Supplemental Payments continues until Allowed Claims are paid in full or the Plan term expires, whichever occurs first.

**Part 9** Equity Interests

| | Equity Interest Holder | Treatment in Plan | Total Paid in Plan |
|---|---|---|---|
| 9.1 | Christopher Collins 85% Owner | Retain interest | $0.00 |
| 9.2 | Andrea Sookhoo 15% Owner | Retain interest | $0.00 |

**Part 10** Other Litigation Claims and Objections to Claims

To the extent that a litigation claim is not set forth in one of the above Parts or Classes, the Debtor makes the following representation regarding litigation claims. The fact that the Debtor may list Other Litigation Claims in this Part does not constitute a waiver of any unlisted claim that the Debtor may have, does not establish by representation or issue or claim preclusion any part of the merits of such a claim, and the validity or invalidity of such a claim is a valid not grounds upon which the litigation defendant may object to the confirmation of this Plan. Except as otherwise explicitly provided in this Plan, nothing in the Plan shall be deemed to be a waiver or relinquishment of any claim, cause of action, account receivable, right of setoff, or other legal or equitable right or defense that the Debtor or the Bankruptcy Estate may have under any provision of the Bankruptcy Code or any applicable non-bankruptcy law.

[X] The Debtor does not intend to pursue Other Litigation Claims and/or is currently unaware of the existence of such claims.

**Part 11** Vesting of Property of the Estate & Binding Effect of Plan

If this Plan is consensually confirmed, property of the estate will vest in the Debtor upon entry of the order confirming this Plan, unless otherwise specifically provided for in this Plan or in the order confirming this Plan. After confirmation of this Plan, the property dealt with by this Plan is free and clear of all claims and equity interests of creditors, equity security holders, and of general partners in the Debtor.

If this Plan is not consensually confirmed, property of the estate includes, in addition to the property specified in § 541 of the Bankruptcy Code, all property of the kind specified in that section that the Debtor acquires, as well as earnings from services performed by the Debtor, after the date of commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 12, or 13 of the Bankruptcy Code, whichever occurs first. Except as provided in § 1185 of the Bankruptcy Code, this Plan, or the order confirming this Plan, the Debtor shall remain in possession of all property of the estate and the property of the estate.

If this Plan is confirmed, its provisions bind the Debtor and all creditors, regardless of whether any such creditor accepts or rejects this Plan. The rights and obligations of any entity named for referred to in this Plan will be binding on and will inure to the benefit of the successors or assigns of such entity.

**Part 12** Identity and Affiliations of Directors, Officers, Voting Trustees, Participating Affiliates, or Successors Proposed to Serve After Confirmation of the Plan

Following confirmation of this Plan, the Debtor will continue to be in possession of the estate and to continue operations with the same management structure as existed before this bankruptcy case was filed.

| | Name | Position | Gross Comp. |
|---|---|---|---|
| 12.1.1 | Chris Collins | 85% Owner / CEO | Up to $3,100 monthly |

**Part 13** Governmental Regulatory Commissions & Rate Changes

| | |
|---|---|
| X | There is no governmental regulatory commission with jurisdiction, after confirmation of this Plan, that needs to approve rate changes, if any, that are provided for in this Plan. |

**Part 14** Retiree Benefits

| | |
|---|---|
| X | There are no retiree benefits to be treated under this Plan. |

**Part 15** Post-Petition Domestic Support Obligations

| | |
|---|---|
| X | Not Applicable |

**Part 16** Other Provisions

**Controlling Law.** Unless a rule of law or procedure is supplied by federal law, the laws of the State of West Virginia govern this Plan, except as otherwise specifically provided for in this Plan.

**Default**. No default in the performance of this Plan shall automatically result in the termination of the Plan or constitute a revocation of the confirmation order. Unless otherwise specified in the Plan, if any party in interest believes that the Debtor or its reorganized entity is in default of any requirement of this Plan, such party shall provide written notice of such claimed default to the Debtor or it reorganized entity and to Debtor's counsel before filing a motion with the Bankruptcy Court regarding the alleged noncompliance with, and enforcement of, the terms of this Plan.

**Good Faith.** The Debtor represents that it is within the Debtor's ability to carry out this Plan and that the Plan is submitted in good faith and not by any means forbidden by law.

**Entire Agreement**. Except as otherwise indicated, on the Effective Date, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations with respect to the subject matter of the Plan, all of which will have become merged and integrated into the Plan on the Effective Date.

**Modification of Plan Before Confirmation.** The Debtor may modify this Plan at any time before it is confirmed, or modify the Plan through the confirmation order. However, the Bankruptcy Court may require that there be a revoting on the Plan based on the Plan as modified. Otherwise, the holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected the Plan as modified, unless otherwise ordered by the Court.

**Professional Fees After Confirmation.** In the period after the date of Confirmation, but before closing of the case, the Debtor may continue to utilize the services of professional persons whose employment was previously approved by the Bankruptcy Court, in completing the administration of the case and in the consummation and performance of the Plan and, if necessary, the Debtor may employ additional professional persons to render services in and in connection with the case. With respect to services rendered and expenses incurred in or in connection with the case by any professional person during such period, the professional person may render periodic billing thereafter to the applicable disbursing agent who shall promptly pay the same, but each such payment shall be subject to review and approval by the Court as to the reasonableness thereof.

**Retention of Jurisdiction.** Pursuant to this Plan, the Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of this Plan; (ii) to rule on any modification of this Plan proposed under section 1193; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

**Revocation**. The Debtor reserves the right to revoke and withdraw the Plan prior to the entry of the Confirmation Order. If the Debtor revoke or withdraw the Plan, the Plan shall be deemed null and void, and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor, any other person, or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtor.

**Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**Statement of Need for Further Reorganization.** The Debtor asserts that – to the extent that liquidation or the need for further reorganization not is specifically set forth in this Plan – confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization.

**Successors and Assigns**. The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each entity.

## Part 17 Liquidation Analysis

| Asset | Value | Costs of Sale | Secured Debt | Exempt. | Equity | Ch. 7 TE Fees | Net Value |
|---|---|---|---|---|---|---|---|
| First United Bank & Trust Account No.: xxxxxx0062 | $2,989 | $298.90 | | | $2,690.10 | $672.53 | $2,017.58 |
| First United Bank & Trust Account No.: xxxxxx7779 | $0 | $0.00 | | | $0.00 | $0.00 | $0.00 |
| Cabinetry in Warehouse to be installed. | $68,461 | $6,846.10 | | | $61,614.90 | $6,330.75 | $55,284.16 |
| Work in progress ( Likely $0.00 in Chapter7) | $445,361 | $44,536.10 | $323,852 | | $76,972.90 | $23,291.25 | $53,681.66 |
| Office fixtures | $31,000 | $3,100.00 | | | $27,900.00 | $3,540.00 | $24,360.00 |
| Office equipment, including all computer equipment and communication systems equipment and software | $10,550.00 | $1,055.00 | | | $9,495.00 | $1,699.50 | $7,795.50 |
| 2023 Ford Transit | $41,650 | $4,165.00 | $55,743 | | $0.00 | $6,037.15 | $0.00 |
| 2023 Griffen Trailer (Dump Trailer) | $10,000 | $1,000.00 | | | $9,000.00 | $1,650.00 | $7,350.00 |
| Forklift | $3,000 | $300.00 | | | $2,700.00 | $2,700.00 | $0.00 |
| Drywall Sander, Floor Scrubber, Ladders, MK Hand Polisher, Nailers, Paint Sprayers, Tile Scribe Cutters, Water Saws | $5,800 | $580.00 | | | $5,220.00 | $1,272.00 | $3,948.00 |
| Goodwill $255,000 (not an asset in liquidation under Ch. 7) | $0 | $0.00 | | | $0.00 | $0.00 | $0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | $0.00 | | | $0.00 | $0.00 | $0.00 |

| | |
|---|---|
| Net Liquidation Value of Debtor in Chapter 7 | $154,436.89 |
| Less Priority and Administrative Claims | $467,313.59 |
| Total Payable to Unsecured Claims in Chapter 7 | **$0.00** |
| Total Payable to Unsecured Claims in this Chapter 11 Plan | $6,136.15 |

**Part 18** Projections RE: Ability to Make Payments : See Attachment 1

**Part 19** Signatures

Respectfully Submitted,

Davis Kitchen & Tile, LLC

By:

CHRISTOPHER COLLINS
Plan Proponent

/s/ Ryan W. Johnson

Ryan Johnson, Attorney for the Plan Proponent
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003
WV Bar No. 14178
304-212-4950
Johnson.legal.services.pllc@gmail.com
www.JohnsonLegalServicesPLLC.com

Debtor Name: Davis Kitchen & Tile, LLC

UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Case No. 26-bk-343

**Ballot for Accepting or Rejecting Plan of Reorganization**

The Debtor filed an amended plan of reorganization dated August 10, 2026. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or equity interest has been classified in the Plan. If you hold claims or equity interests in more than one class, you may submit a vote for each class.

Your ballot is due on or before:
(or as otherwise ordered by the Court)

For your ballot to be counted, you must file your ballot at the following address – DO NOT file your ballot with the Bankruptcy Clerk:

Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Name of Creditor or Equity Interest Holder:** ______________________________

Part/Class of the Plan where your claim/interest is treated: ______________________________

Check one box only:

Accepts the plan: ____________________

Rejects the plan: ____________________

Dated: ____________________

Print or Type Name: ______________________________

Signature: ______________________________

Title (if a business entity): ______________________________

Address: ______________________________
______________________________
______________________________

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Davis Kitchen and Tile LLC** | | | | | | | | | | | | | |
| Prepared on 07/20/26 | | | | | | | | | | | | | |
| **Income Statement/Budget** | | | | | | | | | | | | | |
| *For Future 12 Months* | | | | | | | | | | | | | |
| | **Aug-26** | **Sep-26** | **Oct-26** | **Nov-26** | **Dec-26** | **Jan-27** | **Feb-27** | **Mar-27** | **Apr-27** | **May-27** | **Jun-27** | **Aug-27** | **Total 12-Month** |
| **Operating Income** | | | | | | | | | | | | | |
| Contract Income | $37,660.00 | $37,661.00 | $37,662.00 | $37,663.00 | $37,664.00 | $37,665.00 | $37,666.00 | $37,667.00 | $37,668.00 | $37,669.00 | $37,669.00 | $37,670.00 | $451,984.00 |
| Service Income | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | 2,805.77 | $33,669.24 |
| Showroom Sales | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | 94,750.00 | $1,137,000.00 |
| Design/Measure Fees | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | 2,370.83 | $28,450.00 |
| Vendor Rebates | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Discounts Given | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Finance Charge Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Freight Income | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | $4,200.00 |
| Over/Underbillings | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Discounts Earned | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| **Total Operating Income:** | **$137,936.60** | **$137,937.60** | **$137,938.60** | **$137,939.60** | **$137,940.60** | **$137,941.60** | **$137,942.60** | **$137,943.60** | **$137,944.60** | **$137,945.60** | **$137,945.60** | **$137,946.60** | **$1,655,303.24** |
| | | | | | | | | | | | | | |
| **Direct Expense** | | | | | | | | | | | | | |
| Materials | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | 42,707.67 | $512,492.00 |
| Freight | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | $6,600.00 |
| Equipment Expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Subcontracted | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Other Job Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Liability Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Commission Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Direct Labor | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | 13,863.17 | $166,358.00 |
| D/L Payroll Taxes | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | 1,314.58 | $15,775.00 |
| D/L Workers Compensation | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | 309.33 | $3,712.00 |
| D/L Benefits | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| D/L Liability Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| B&O Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Non-Tax Per Diem | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | 1,214.92 | $14,579.00 |
| Other Direct Expense | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| **Total Direct Expense:** | **59,961.67** | **59,962.67** | **59,963.67** | **59,964.67** | **59,965.67** | **59,966.67** | **59,967.67** | **59,968.67** | **59,969.67** | **59,970.67** | **59,970.67** | **59,971.67** | **719,604.00** |
| | | | | | | | | | | | | | |
| **Equip/Shop Expense** | | | | | | | | | | | | | |
| Shop Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Warehouse Liability Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Equipment Lease Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Equipment Fuel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Equipment Supplies & Maint | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Equipment Repair | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Equipment Use Contra | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Other Warehouse/Equipt Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| **Total Equip/Shop Expense:** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **Total Direct & Equip/Shop Expense:** | **59,961.67** | **59,962.67** | **59,963.67** | **59,964.67** | **59,965.67** | **59,966.67** | **59,967.67** | **59,968.67** | **59,969.67** | **59,970.67** | **59,970.67** | **59,971.67** | **719,604.00** |
| | | | | | | | | | | | | | |
| **Gross Profit:** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | **77,974.94** | | **935,699.24** |

**Davis Kitchen and Tile LLC**
Prepared on 07/20/26
**Income Statement/Budget**
*For Future 12 Months*

| | Aug-26 | Sep-26 | Oct-26 | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 | May-27 | Jun-27 | Aug-27 | Total 12-Month |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Overhead Expense** | | | | | | | | | | | | | |
| Rent | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | 5,221.08 | $62,653.00 |
| Office Supplies | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | 135.17 | $1,622.00 |
| Utilities | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | 1,964.08 | $23,569.00 |
| Electric | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| Credit Card Process Fees | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | 457.25 | $5,487.00 |
| Bank Charges | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | 131.08 | $1,573.00 |
| Finance Charges-Vendors | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | 1,342.83 | $16,114.00 |
| Postage | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | 35.17 | $422.00 |
| Freight Charges | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | 38.67 | $464.00 |
| Sales Tax Expense | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | 10.17 | $122.00 |
| Office Cleaning | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | $3,960.00 |
| Trash Service | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | 116.92 | $1,403.00 |
| Printing | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | 4.33 | $52.00 |
| Photography | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | 29.17 | $350.00 |
| Advertising & Promotion | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | 496.77 | $5,961.24 |
| Computer Software Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Computer Hardware | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Computer Service & Support | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | $9,000.00 |
| Computer Supplies | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Accounting Fees | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | $6,000.00 |
| Legal Fees | 752.00 | 753.00 | 754.00 | 755.00 | 756.00 | 757.00 | 758.00 | 759.00 | 760.00 | 761.00 | 761.00 | 762.00 | $9,088.00 |
| Employment Expenses | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | 82.00 | $984.00 |
| Travel | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | 30.17 | $362.00 |
| Dues & Subscriptions | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | 393.92 | $4,727.00 |
| Training/Seminars | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| Meals & Entertainment | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | 85.33 | $1,024.00 |
| Charity Donations | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| Maintenance & Repair | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | 133.08 | $1,597.00 |
| Gifts & Entertainment | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| Discounts- Contractor | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | 119.92 | $1,439.00 |
| Liability Insurance | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | 111.75 | $1,341.00 |
| Taxes | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| Property Tax | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | 1,471.50 | $17,658.00 |
| Licenses | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | $168.00 |
| Interest Expense | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | 895.42 | $10,745.00 |
| Customer Discount | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Bad Debt Expense | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | 10.21 | $122.52 |
| Other Office Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Decore & Displays | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Samples & Catalogs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Suspense/Clearing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Plan Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Davis Kitchen and Tile LLC** | | | | | | | | | | | | | | |
| Prepared on 07/20/26 | | | | | | | | | | | | | | |
| **Income Statement/Budget** | | | | | | | | | | | | | | |
| *For Future 12 Months* | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | **Aug-26** | **Sep-26** | **Oct-26** | **Nov-26** | **Dec-26** | **Jan-27** | **Feb-27** | **Mar-27** | **Apr-27** | **May-27** | **Jun-27** | **Aug-27** | **Total 12-Month** |
| | Warranty Work | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Commission - Outside Sales | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Overhead Labor | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | 14,576.75 | $174,921.00 |
| | O/H Payroll Taxes | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | 1,356.67 | $16,280.00 |
| | O/H Workers Compensation | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | 97.42 | $1,169.00 |
| | O/H Benefits | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | $432.00 |
| | O/H Liability Insurance | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| | Simple IRA Employer Contributions | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | 410.58 | $4,927.00 |
| | COVID Payroll Tax offset | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| | O/H Per Diem | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | 1,214.50 | $14,574.00 |
| | Vehicle Maintenance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Vehicle Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Vehicle Fuel | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | 46.58 | $559.00 |
| | Vehicle Repair | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 12.00 | $88.00 |
| | Vehicle & Liability Insurance | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | 599.08 | $7,189.00 |
| | Small Tools | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Uniforms | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Other Shop Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Depreciation Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Vehicle Depreciation Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Tools Depreciation Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Office Equipment Dep'n Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Furniture & Fixtures Dep'n Exp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Inventory Adjustments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | **Total Overhead Expense:** | **34,015.56** | **34,024.56** | **34,033.56** | **34,042.56** | **34,051.56** | **34,060.56** | **34,069.56** | **34,078.56** | **34,087.56** | **34,096.56** | **34,096.56** | **34,105.56** | **408,762.76** |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| **Administrative Expense** | | | | | | | | | | | | | | |
| | Admin Salaries | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | 12,141.00 | $145,692.00 |
| | Admin Payroll Taxes | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | 1,253.00 | $15,036.00 |
| | Admin Workers Compensation | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | 56.42 | $677.00 |
| | Admin Benefits | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Admin Liability Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Admin Per Diem | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | $576.00 |
| | Other Administrative Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | **Total Administrative Expense:** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **13,498.42** | **161,981.00** |
| | **Total Indirect Expense:** | **47,513.98** | **47,522.98** | **47,531.98** | **47,540.98** | **47,549.98** | **47,558.98** | **47,567.98** | **47,576.98** | **47,585.98** | **47,594.98** | **47,594.98** | **47,603.98** | **570,743.76** |
| | | | | | | | | | | | | | | |
| | **Income from Operations:** | **30,460.96** | **30,451.96** | **30,442.96** | **30,433.96** | **30,424.96** | **30,415.96** | **30,406.96** | **30,397.96** | **30,388.96** | **30,379.96** | **30,379.96** | **30,370.96** | **364,955.48** |
| | | | | | | | | | | | | | | |
| **Other Income** | | | | | | | | | | | | | | |
| | Other Income | 2.00 | 3.00 | 4.00 | 5.00 | 6.00 | 7.00 | 8.00 | 9.00 | 10.00 | 11.00 | 11.00 | 11.00 | $87.00 |
| | | | | | | | | | | | | | | |
| | **Net Income Before Tax:** | **30,460.96** | **30,451.96** | **30,442.96** | **30,433.96** | **30,424.96** | **30,415.96** | **30,406.96** | **30,397.96** | **30,388.96** | **30,379.96** | **30,379.96** | | **364,955.48** |
| | | | | | | | | | | | | | | |
| **After Tax Expense** | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Davis Kitchen and Tile LLC** | | | | | | | | | | | | | | |
| Prepared on 07/20/26 | | | | | | | | | | | | | | |
| **Income Statement/Budget** | | | | | | | | | | | | | | |
| *For Future 12 Months* | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | **Aug-26** | **Sep-26** | **Oct-26** | **Nov-26** | **Dec-26** | **Jan-27** | **Feb-27** | **Mar-27** | **Apr-27** | **May-27** | **Jun-27** | **Aug-27** | **Total 12-Month** |
| | Federal Income Tax Expense | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | 333.33 | $4,000.00 |
| | State Income Tax Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Tax Penalties | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Other Penalties | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | Other After Tax Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| | | | | | | | | | | | | | | |
| | **Total After Tax Expense:** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **333.33** | **4,000.00** |
| | | | | | | | | | | | | | | |
| | **Net Income:** | **$30,127.62** | **$30,118.62** | **$30,109.62** | **$30,100.62** | **$30,091.62** | **$30,082.62** | **$30,073.62** | **$30,064.62** | **$30,055.62** | **$30,046.62** | **$30,046.62** | **$30,037.62** | **$360,955.48** |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| **Chapter 11 Payment Plan** | | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | **15,750.00** | $189,000.00 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| **Net Income After Chapter 11 Payment Plan** | | **$14,377.62** | **$14,368.62** | **$14,359.62** | **$14,350.62** | **$14,341.62** | **$14,332.62** | **$14,323.62** | **$14,314.62** | **$14,305.62** | **$14,296.62** | **$14,296.62** | **$14,287.62** | **$171,955.48** |