**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>DAVIS KITCHEN & TILE, LLC,<br>Debtor. | Case No. 1:26-bk-00343<br>Chapter 11 |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTOR MAY ASSUME OR REJECT THE UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(i) AND REQUEST FOR EXPEDITED RELIEF**

Davis Kitchen & Tile, LLC, (the "Debtor"), by undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. § 365(d)(4)(B)(i) for entry of an order extending, through and including December 10, 2026, the period within which the Debtor may assume or reject its unexpired lease of nonresidential real property with WHLR-Pierpont Center, LLC (the "Landlord"). This Motion is filed out of an abundance of caution and without waiver of and expressly preserving the Debtor's position that its timely filed Motion to Assume Commercial Lease Pursuant to 11 U.S.C. § 365 (Doc. 59) satisfies 11 U.S.C. § 365(d)(4)(A). In support, the Debtor states as follows:

1. On May 14, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as debtor-in-possession.

2. The Debtor operates a retail kitchen cabinet, tile, flooring and design business from Store No. 3, Pierpont Centre Shopping Center, 831 Venture Drive, Morgantown, West Virginia (the "Premises"), under a Shopping Center Lease dated May 5–6, 2022 (the "Lease") with the Landlord. The Lease runs through May 31, 2027. The Premises is the Debtor's only retail location and the entire operating platform of its business.

3. On June 7, 2026, twenty-four days after the Petition Date and well within the period fixed by 11 U.S.C. § 365(d)(4)(A), the Debtor filed its Motion to Assume Commercial Lease Pursuant to 11 U.S.C. § 365 (Doc. 59) (the "Assumption Motion").

4. The Landlord filed its objection to the Assumption Motion on July 1, 2026 (Doc. 109) (the "Objection"). The Court heard the Assumption Motion and the Objection on July 21, 2026.

5. At the parties' joint request, and on a form of order negotiated between the Debtor and the Landlord and executed by the Landlord's counsel "Seen and agreed," the Court entered the Agreed Interim Order Continuing Hearing on Debtor's Motion to Assume Commercial Lease and Establishing Interim Lease Payments Pending Final Hearing (Doc. 134) (the "Interim Order") on July 31, 2026. The Interim Order continued the Assumption Motion and the Objection to a final hearing to be held together with the hearing on confirmation of the Debtor's plan on September 23, 2026 at 10:30 a.m., established four interim lease payments pending that hearing, provided that all such payments "shall be credited against any amounts determined to be due at the Final Hearing," and expressly reserved every "right, claim, or defense of the Debtor or the Landlord . . . for the Final Hearing." Interim Order ¶¶ 1, 2, 4.

6. Post-petition rent for July 2026 was paid, as the Landlord acknowledges. On August 25, 2026, the Debtor wired the Landlord $8,889.06, satisfying in full the June 2026 payment required by ¶ 2(c) of the Interim Order and the August 2026 payment required by ¶ 2(a). The Debtor is committed to tendering the remaining $2,536.06 in May 2026 stub rent required by ¶ 2(d) and to making the September 2026 payment required by ¶ 2(b) when it comes due.

7. On August 10, 2026, the Debtor filed its Amended SBRA Plan (Doc. 139) (the "Amended Plan"), which provides for assumption of the Lease and payment of the Landlord's Class 7.3.1 cure claim of $111,626.17 in full, with Excess Cash Flow applied to accelerate that cure ahead of any distribution to Class 7.1 general unsecured creditors. Amended Plan §§ 4.4(c), 7.3. Confirmation of the Amended Plan is set for September 23, 2026, together with the final hearing on the Assumption Motion.

8. On August 18 and August 19, 2026, the Landlord filed a motion to compel immediate rejection of the Lease (Doc. 143) and a motion to compel allowance and immediate

payment of an administrative expense claim (Doc. 145). Those motions, like the Assumption Motion and the Objection, are properly determined at the September 23, 2026 final hearing.

9. The 120-day period prescribed by 11 U.S.C. § 365(d)(4)(A)(i) expires on September 11, 2026, which is twelve days before the final hearing that the Court set for the determination of the Assumption Motion. No order has been entered extending that period.

## RELIEF REQUESTED

10. The Debtor requests entry of an order extending the period within which the Debtor may assume or reject the Lease under 11 U.S.C. § 365(d)(4)(A) for ninety (90) days, through and including December 10, 2026. The Debtor anticipates that the extension will be largely academic because the Assumption Motion is set for final hearing on September 23, 2026, and if it is granted, or if a plan providing for assumption of the Lease is confirmed on that date, the extended period will never be superfluous. The Debtor requests the full ninety days because that is the period the statute prescribes, *see* 3 *Collier on Bankruptcy* ¶ 365.05[3][c] (16th ed. 2026), and because no further extension may be obtained without the Landlord's prior written consent.

## BASIS FOR RELIEF

11. Section 365(d)(4)(A) provides that an unexpired lease of nonresidential real property under which the debtor is the lessee is deemed rejected if the trustee "does not assume or reject" it by the earlier of 120 days after the order for relief or the date of entry of an order confirming a plan. Section 365(d)(4)(B)(i) then provides that "[t]he court may extend the period determined under subparagraph (A), prior to the expiration of such period, for 90 days on the motion of the trustee or lessor for cause."

12. The Debtor, as debtor-in-possession, has the rights and powers of a trustee under 11 U.S.C. § 1107(a) and may accordingly seek the extension. This Motion is filed prior to the expiration of the period and requests the ninety-day extension that the statute allows. As *Collier on Bankruptcy* observes, subparagraph (B) "specifically authorizes the court to 'extend the period determined under subparagraph (A) . . . for 90 days on the motion of the trustee or lessor for cause,'" and that "language does not by its terms appear to permit an extension shorter or longer

than 90 days . . . . It specifies only a 90-day extension, not 'such additional time, up to 90 days.'" 3 *Collier on Bankruptcy* ¶ 365.05[3][c] (16th ed. 2026).

13. "Cause" to extend the 120-day period is not defined in § 365(d)(4), and "[w]hether to grant an extension is within the discretion of the bankruptcy court." 3 *Collier on Bankruptcy* ¶ 365.05[3][c] & n.43 (16th ed. 2026) (citing *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996)). *Collier on Bankruptcy* collects the factors courts weigh in exercising that discretion, including "the nature of the interests at stake"; "the balance of the hurt to the litigants"; "the good to be achieved"; "the safeguards afforded to the litigants"; "the debtor's failure or ability to satisfy post-petition obligations"; "the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code"; "the importance of the contract to the debtor's business and reorganization"; "whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization"; and, "above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors." *Id.* ¶ 365.05[3][c] & n.44 (citing *In re Adelphia Commc'ns*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003)

14. *Collier on Bankruptcy* collects a second and overlapping set of considerations from *Burger Boys*: "whether the rent has been or is being paid"; "whether the lease is a primary asset of the estate"; "potential prejudice to the landlord from noncompensable damages"; "whether the landlord would receive a windfall"; "whether the case is unusually large or complex"; and "whether the trustee or debtor in possession has had a reasonable period of time to analyze the estate and formulate a reorganization plan." *Id.* ¶ 365.05[3][c] & n.45. Every one of these considerations favors the Debtor, as set forth below.

15. Importantly, he presence of lease defaults does not preclude an extension: "[a]lthough the court may consider the current status of lease payments as one factor, the presence of lease defaults does not preclude an extension, and cure is not required for an extension." *Id.* ¶ 365.05[3][c] & n.46 (citing *Burger Boys*, 94 F.3d at 761). Also, the equitable doctrines of waiver and estoppel "are available in an unusual case to bar a landlord from asserting a deemed rejection by operation of section 365(d)(4)." *Id.* ¶ 365.05[1] n.7 (citing *In re Food Barn Stores, Inc.*, 174 B.R. 1010, 1014 (Bankr. W.D. Mo. 1994)). A landlord that negotiated a hearing date falling after the statutory deadline is not well positioned to insist that the deadline be enforced as a forfeiture.

16. The Lease is the Debtor's only retail location. The Landlord itself has told the Court that the Debtor's plan "is entirely reliant on assumption of the Lease for its feasibility." Doc. 143 ¶ 5. A deemed rejection by operation of a calendar date would not merely affect the Debtor's ability to perform in Chapter 11, it may extinguish its going-concern value and eliminate the source of creditor recovery.

17. The Debtor has diligently moved to assume the lease. Its Assumption Motion was filed within twenty-four days of the Petition Date, it has briefed the issue, appeared at the July 21, 2026 hearing, negotiated the Interim Order, has made interim payments under it, and has filed an amended plan that assumes the Lease and pays the cure claim in full. There is no indecision or delay on the Debtor's behalf in seeking assumption of the Lease.

18. The Assumption Motion remains undecided because the parties jointly asked the Court to continue it to a final hearing consolidated with confirmation, and the Court set that hearing for September 23, 2026.

19. The Debtor has paid the July 2026 rent and June and August 2026 rent were paid on August 25, 2026. The Debtor has committed to paying the remaining stub-rent and September payment. The Debtor acknowledges that certain payments were made later than the Interim Order required and it only notes only that the Landlord is being paid for the Debtor's post-petition use of the Premises.

20. The grant of an extension does not change anything about the Landlord's position in this case except to preserve the hearing date it agreed to.

21. The Debtor does not seek open-ended relief. It seeks the single ninety-day extension as allowed by statute for the discrete purpose of allowing the Assumption Motion to be heard and determined on the merits on the date the Court has already set. If the Court grants or continues the Assumption Motion or plan confirmation, extension serves the safeguard the Debtor's rights under the Bankruptcy Code.

23. The Debtor does not concede that an extension is necessary. The Debtor timely filed the Assumption Motion within the period fixed by § 365(d)(4)(A), and "[a] review of both pre- and post-BAPCPA cases shows that an overwhelming majority of courts hold that a trustee

need only file a motion to assume before the deadline," with court approval permissibly "granted after the expiration of the period." 3 *Collier on Bankruptcy* ¶ 365.05[3][d] & nn.46e, 46i (16th ed. 2026) (citing cases) As Collier on Bankruptcy states: "a rule that forfeits a party's rights, benefits, privileges or opportunities simply because a court fails to act within a particular time period would be quite extraordinary." *Id.* ¶ 365.05[3][d] & n.46c (quoting *In re Southwest Aircraft Servs., Inc.*, 831 F.2d 848, 851 (9th Cir. 1987)).

24. The relief requested in this Motion must be granted, not merely requested, before September 11, 2026. Under § 365(d)(4)(B)(i) an extension is permitted only "prior to the expiration of such period," and *Collier on Bankruptcy* states that "it is now clear that any order extending the initial 120-day period must be entered before the expiration of the deadline." 3 *Collier on Bankruptcy* ¶ 365.05[3][d] & n.46d (16th ed. 2026).

25. The ordinary twenty-three (23) day objection period applicable to motions noticed in this Court would not expire until after September 11, 2026. Accordingly, the DEbto seeks expedited relief.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, (i) extending through and including December 10, 2026 the period within which the Debtor may assume or reject the Lease pursuant to 11 U.S.C. § 365(d)(4)(B)(i); (ii) providing that the extension is without prejudice to, and without waiver of, the Debtor's position that the timely filed Assumption Motion satisfies 11 U.S.C. § 365(d)(4)(A); (iii) providing that all rights, claims and defenses of the Debtor and the Landlord, including those reserved by ¶ 4 of the Interim Order, remain fully reserved; and (iv) granting expedited relief and such other and further relief as is just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street

Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I, Ryan W. Johnson, hereby certify that on August 29, 2026, I electronically filed the foregoing *Debtor's Motion for Entry of an Order Extending the Time Within Which the Debtor May Assume or Reject the Unexpired Lease of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)(B)(i)* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties participating in the same, including without limitation counsel for WHLR-Pierpont Center, LLC, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003