**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:**

| | |
|---|---|
| **DAVIS KITCHEN & TILE, LLC,** | **Case No. 1:26-bk-00343** |
| **Debtor** | **Chapter 11, Subchapter V** |

**UNITED STATES TRUSTEE'S MOTION TO EXTEND TIME TO FILE OBJECTION TO DEBTOR'S AMENDED SUBCHAPTER V, CHAPTER 11 PLAN**

The Acting United States Trustee for Region 4, Matthew W. Cheney ("U.S. Trustee"), by counsel, respectfully requests this Court extend the time to file an objection to the Debtor's Amended Subchapter V, Chapter 11 Plan ("Amended Plan") (dkt. 139) and accept its Objection filed September 9, 2026 as timely. As grounds for this Motion, the U.S. Trustee states as follows:

1. The Debtor filed its Amended Plan on August 10, 2026 and a confirmation hearing is currently scheduled for September 23, 2026.

2. The U.S. Trustee objected to the Debtor's initial Plan filed May 31, 2026. Dkts. 53, 95. The Debtor's Amended Plan does not cure all the issues raised in the U.S. Trustee's initial objection.

3. This Court's Order Continuing the Confirmation Hearing to September 23, 2026 set the deadline to object to the Amended Plan as September 7, 2026. Dkt. 131. Undersigned counsel erred in calendaring the objection deadline.

4. As September 7, 2026 was Labor Day, the objection deadline then extended to September 8, 2026.

5. Pursuant to Fed. R. Bankr. P. 9006(b)(1)(B), the U.S. Trustee respectfully requests this Court deem counsel's calendaring error excusable neglect and permit the filing of the objection to the Amended Plan one day late.

6. The Fourth Circuit has applied the test articulated by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, (1993) to determine if a party has made a showing of excusable neglect.

7. In undertaking the excusable neglect inquiry, the Court may evaluate all relevant circumstances:

> The relevant circumstances set forth are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. 507 U.S. 380 at 395.

8. The Fourth Circuit in *Fernandes v. Craine* explained, "we have stressed that the third *Pioneer* factor - the reason for the delay-is the 'most important.'" *Fernandes v. Craine*, 538 Fed.Appx.274, 276 (4th Cir. 2013); *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

8. Here, the reason for the delay is inadvertent miscalendaring on the part of undersigned counsel. The undersigned did not delay for any bad faith reason but rather is attempting to correct the mistake in good faith immediately upon realization. The U.S. Trustee routinely meets deadlines and a miscalendaring of the type realized here is a rare, unfortunate, completely inadvertent, and excusable mistake.

9. The one-day delay should not unduly prejudice the Debtor or any other party, nor impact judicial proceedings. There is ample time to address the U.S. Trustee's objection in any way the Debtor may deem necessary between September 9, 2026 and the confirmation hearing on September 23, 2026.

10. The U.S. Trustee is not the only objecting party. The State of West Virginia Attorney General's Office, Consumer Protection Division has also objected to the Amended Plan. Dkt. 155. Accordingly, the U.S. Trustee's objection does not occur in the face of an otherwise fully agreed-upon plan.

WHEREFORE, in light of the foregoing, the U.S. Trustee respectfully requests this Court permit the U.S. Trustee's Objection to the Debtor's Amended Plan to be filed one day late on September 9, 2026 and to be heard at the confirmation hearing scheduled September 23, 2026.

Dated: September 9, 2026

Respectfully submitted,

**MATTHEW W. CHENEY**
**ACTING UNITED STATES TRUSTEE**
**REGION 4**

By Counsel:

/s/*Beth Kavitz*
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U. S. Trustee
300 Virginia Street East, Rm. 2025
Charleston, WV 25301
(304)347-3418
Beth.Kavitz@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System. All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF. Such parties include:

Ryan W. Johnson, Esq.
*Attorney for Debtor*

Joe Supple, Esq.
*Subchapter V Trustee*

Dated: September 9, 2026

/s/ Beth Kavitz

Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov