**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:**

| | |
|---|---|
| **DAVIS KITCHEN & TILE, LLC,** | **Case No. 1:26-bk-00343** |
| **Debtor** | **Chapter 11, Subchapter V** |

# UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S AMENDED SUBCHAPTER V CHAPTER 11 PLAN

The Acting United States Trustee for Region 4, Matthew W. Cheney ("U.S. Trustee"), by counsel, hereby objects to the Debtor's Amended Subchapter V Chapter 11 Plan ("Amended Plan") (dkt. 139). As grounds for the objection, the U.S. Trustee states as follows:

## Background

1. The Debtor, Davis Kitchen & Tile, LLC ("Debtor" or "DKT") filed a Petition under Chapter 11, Subchapter V of the Bankruptcy Code on May 14, 2026. Dkt. 1. Joe Supple was appointed Subchapter V Trustee. Dkt. 27.

2. The Debtor filed its Amended Plan on August 10, 2026 (dkt. 139) and a confirmation hearing is currently scheduled for September 23, 2026. For the reasons set forth herein, the U.S. Trustee asserts that Confirmation cannot go forward as scheduled due to substantive deficiencies in the Amended Plan and procedural notice deficiencies arising therefrom.

3. The Debtor has filed monthly operating reports ("MORs") for May, June, and July 2026. Dkts. 77, 129, 147. The May MOR shows net income of $5,903. The June MOR shows net income of ($19,695). The July MOR shows net income of $2,481.11.

4. Within the Amended Plan, the Debtor provided as follows:

> The Debtor's original plan was filed on May 31, 2026. After that date, five additional creditors were identified that were not included in the original bankruptcy schedules or original Chapter 11 plan. Also, at the request of the State Attorney Geneal [sic] and the Office of the United States Trustee, parties with works in progress at David Kitchen & Tile were identified on Amended Schedule G. Those parties with agreements with Davis Kitchen & Tile are listed as having executory contacts [sic] for purposes of this plan with those projects being assumed by the Debtor in this Chapter 11 proceeding. **A party with a pending project at Davis Kitchen & Tile need not undertake any affirmative step to preserve the obligations of payment and performance, but it [sic] such a party wishes to reject the pending project, a rejection claim must be filed no later than 28 days after the date of the order confirming this plan.**

5. Despite this addition, the Amended Plan does not comply with notice requirements. This and other deficiencies prevent confirmation of the Amended Plan as written.

appropriate notice still at issue, lease at issue, infeasible, not using DIP accounts?

**Grounds for Objection: the Debtor Still Has Not Provided Adequate Notice to Known Creditors**

6. Pursuant to its representations to the Court at a hearing held July 21, 2026, the Debtor amended its Schedule G to include customers with "work in progress" by the Debtor. As noted by the West Virginia Attorney General, twenty-two customers are listed on Schedule G but it appears only three of those customers have received notice of the Amended Plan. Those customers are entitled to file a rejection claim, as stated in Paragraph 4, but are unaware of this right without appropriate notice of the Amended Plan.

7. The Debtor's failure to provide adequate notice to known parties is concerning. "What type of notice is reasonable or adequate, however, depends on whether the creditor is 'known' or 'unknown' to the debtor. . . . If a creditor is 'known' to a debtor, actual notice of a debtor's bankruptcy filing and bar date must be given to the creditor in order to achieve a legally effective discharge of the creditor's claim. *In re XO Communs., Inc.*, 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003). The issue of notice has been prevalent in the hearings in this matter to date and is part of the basis of the U.S. Trustee's objection to the initial Plan. There is no reason why the

Debtor should continue to exclude known creditors with works in progress from full and adequate notice of their rights under the Amended Plan.

**Grounds for Objection: Lack of Adequate Information**

8. The notice issue described above results in a lack of adequate information for fair evaluation of the Amended Plan. Without appropriate notice of the right to reject to "work in progress" customers, the Amended Plan appears to be based on income from continuation of contracts that may or may not be realized if all work in progress customers receive adequate notice of, and exercise, their right to reject contracts. Thus, the Amended Plan lacks adequate information of actual income by virtue of the outstanding notice issue and inability of Schedule G customers to make appropriate elections.

**Grounds for Objection: Infeasibility**

9. Section 4.1 of the Amended Plan states that the Minimum Monthly Plan Payment shall be $15,750.00. The MORs filed thus far do not demonstrate the Debtor's ability to meet that obligation. *See*, dkts. 77, 129, 147. The Debtor's projections forecast monthly net income of over $30,000.00. These projections do not appear to be grounded in the income data available to date. The Amended Plan does not speak to how the Debtor intends to address the shortfall between MOR income and projected income through the duration of the Amended Plan. Accordingly, the Amended Plan cannot be confirmed as it lacks feasibility.

**Grounds for Objection: Administrative Issues**

10. In contravention of this Court's Operating Order, the Debtor continues to use its pre-petition bank accounts. The U.S. Trustee has not received information regarding any debtor-in-possession bank account opened by the Debtor, nor has the Debtor obtained Court approval to continue using pre-petition accounts.

11. The Debtor's MORs filed to date have failed to include the information requested as Schedules E and F, especially relevant here where work in progress is a determinative factor of future income.

**Relief Requested**

WHEREFORE, in light of the foregoing, the U.S. Trustee respectfully requests that this Court:

1. Direct the Debtor to provide complete, actual notice of the bankruptcy filing and the Amended Plan, and any further Amended Plan, to all consumers on Amended Schedule G;

2. Direct the Debtor to include all consumers on all schedules on an Amended Mailing Matrix;

3. Reschedule confirmation to allow for notice of the Amended Plan and the exercise of any rejection rights to which newly noticed creditors may be entitled;

4. Direct the Debtor to clarify treatment of all consumer claims and executory contracts;

5. Direct the Debtor to provide any further clarification of its income projections, reasons for non-compliance with this Court's Operating Order, and reasons for omissions of pertinent information from MORs; and

6. Direct the Debtor to provide any and all such other and further clarification or information as may be necessary for accurate notice and adequate background information regarding this Amended Plan or any further Amended Plan the Debtor shall file.

Dated: September 9, 2026

Respectfully submitted,

**MATTHEW W. CHENEY**
**ACTING UNITED STATES TRUSTEE**
**REGION 4**

By Counsel:

/s/*Beth Kavitz*

Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U. S. Trustee
300 Virginia Street East, Rm. 2025
Charleston, WV 25301
(304)347-3418
Beth.Kavitz@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System. All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF. Such parties include:

Ryan W. Johnson, Esq.
*Attorney for Debtor*

Joe Supple, Esq.
*Subchapter V Trustee*

Dated: September 9, 2026

/s/ Beth Kavitz
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov