**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:**

| | |
|---|---|
| **DAVIS KITCHEN & TILE, LLC,** | **Case No. 1:26-bk-00343** |
| **Debtor** | **Chapter 11, Subchapter V** |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT FOR FAILURE TO COMPLY WITH COURT'S OPERATING ORDER REQUIRING OPENING OF DEBTOR IN POSSESSION BANK ACCOUNTS**

The Acting United States Trustee for Region 4, Matthew W. Cheney ("U.S. Trustee") by counsel, Beth Kavitz, hereby moves this Court to dismiss this case or to convert it to Chapter 7 due to the Debtor's failure to open Debtor In Possession bank accounts as ordered by this Court. In support of the motion, the UST states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Northern District of West Virginia (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. § 1408.

2. Matthew W. Cheney is the acting U.S. Trustee for Region 4, which includes West Virginia, under 28 U.S.C. § 581(a)(4). Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 et seq. Specifically, he is charged with a number of supervisory responsibilities in reorganization bankruptcy cases filed under Chapter 11 of the Bankruptcy Code, including "monitoring the

progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress". 28 U.S.C. § 586(a)(3)(G).

**Factual and Procedural History**

4. The Debtor, Davis Kitchen & Tile, LLC ("Debtor" or "DKT") filed a Petition under Chapter 11, Subchapter V of the Bankruptcy Code on May 14, 2026. Dkt. 1. Joe Supple was appointed Subchapter V Trustee. Dkt. 27.

5. The U.S. Trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341 on June 16, 2026 and continued the meeting of creditors to its conclusion on June 25, 2026 following production of certain information by the Debtor.

6. The Debtor filed its initial Plan on May 31, 2026. Dkt. 53. The Court scheduled a Confirmation Hearing for July 30, 2026. Dkt. 56. Various parties in interest objected to the Plan. Dkts. 87, 95, 99, 100.

7. The Debtor moved the Court to continue the Confirmation Hearing. Dkt. 121. The Court continued confirmation to September 23, 2026 and set August 10, 2026 as the deadline for the Debtor to file an Amended Plan incorporating revisions that would address the various objections as placed on the record at a hearing held July 21, 2026. Dkt. 131.

8. The Debtor filed an Amended Plan on August 10, 2026. Dkt. 139. The U.S. Trustee and the West Virginia Attorney General's Office, Consumer Protection Division, have objected to the Amended Plan. Dkts. 155, 157. A Confirmation Hearing is scheduled September 23, 2026. Dkt. 131.

9. The Court entered its Operating Order on May 14, 2026. Dkt. 10. Since that time, the Debtor has had explicit written notice of the requirement to open new Debtor In Possession ("DIP") bank accounts. The Debtor filed its Initial Operating Report on May 24, 2026, and stated

therein: "The Debtor is opening DIP accounts. Before filing bankruptcy, the Debtor had two accounts at First United Bank and Trust, Nos. 0062 and 7779." Dkt. 39.

10. The last four digits of the bank account numbers listed in the Initial Operating Report match the last four digits of account numbers on statements provided in Monthly Operating Reports to date. See, Dkts. 77, 129, 147. No other bank account information for the Debtor has been reported to the U.S. Trustee. The Debtor has never filed a motion to continue use of its existing bank accounts.

**Applicable Law**

11. Section 1112(b)(1) of the Bankruptcy Code provides that the court may for cause either convert a Chapter 11 case to a case under Chapter 7 or may dismiss a case, depending upon which is in the best interest of creditors and the estate. This provision of the Bankruptcy Code describes non-exhaustive factors, any one of which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety. *See*, 11 U.S.C. § 1112(b)(4)(A)-(P), as amended, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8 ("BAPCPA").

12. The factors to be considered by the court include, but are not limited to, the following circumstances:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) **gross mismanagement of the estate;**

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral that is substantially harmful to 1 or more creditors;

(E) **failure to comply with an order of the court;**

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or any examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial confirmation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See*, 11 U.S.C. § 1112(b)(4) (emphasis added).

13. The list contained in section 1112(b)(4) is not "exhaustive." *See*, *In re Quail Farm, LLC,* 2010 Bankr. LEXIS 1261 (Bankr. N.D.W. Va. 2010). Congress intended BAPCPA's changes to Section 1112(b) to "make it broader, more strict as to debtors, and more encompassing." *In re Julian,* 2012 Bankr. LEXIS 494, at *7-9 (Bankr. D. Conn. 2012). "[A]bsent a showing of unusual circumstances, if the moving party establishes that cause exists,

it is the Court's obligation to dismiss or convert a Chapter 11 case *In re Quail Farm, LLC*, 2010 Bankr. LEXIS 1261, at *5 (Bankr. N.D.W. Va. 2010).

**Grounds for Dismissal or Conversion**

14. As described above, the Debtor has had explicit notice of the requirement to open DIP accounts since this Court's Operating Order issued May 14, 2026.

15. Failure to comply with the Operating Order constitutes grounds for dismissal or conversion under 11 U.S.C. § 1111(b)(4)(E).

16. Courts have also held that "[g]ross mismanagement of the estate under § 1112(b)(4)(B) includes a debtor's failure to file timely, complete, and accurate operating reports 'where that failure results in a materially inaccurate financial picture or where other acts in violation of the Code are hidden.'" *In re Barnette*, 2026 Bankr. LEXIS 1708, at *11 (Bankr. D.D.C. 2026). In the *Barnette* case, the debtor used Apple Cash, an unauthorized depository, without seeking a waiver of the requirement to use a depository subject to agreement with the Office of the U.S. Trustee. The *Barnette* court questioned the debtor's "complete disregard for debtor-in-possession requirements" and "whether the Debtor ever actually intended to comply with the rigors of subchapter V or the Bankruptcy Code." *Id*. at *12. The *Barnette* court held that "failure to manage the estate within the rigors of the Bankruptcy Code is sufficient to find cause to convert or dismiss the Debtor's case under § 1112(b)(4)(B)." *Id*. at *12-13.

**Debtor's Burden to Avoid Dismissal or Conversion**

17. This motion establishes cause to dismiss this case or convert it to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(B) and/or § 1112(b)(4)(E) or convert it to Chapter 7. The debtor may avoid dismissal or conversion only by establishing all of the following conjunctive conditions set forth in 11 U.S.C. §1112(b)(2):

(1) unusual circumstances such that dismissal or conversion is not in the best interest of creditors [11 U.S.C. §1112(b)(2)]; and

(2) a reasonable likelihood that a plan will be confirmed within a reasonable period of time [11 U.S.C. §1112(b)(2)(A)] and

(3) a reasonable justification for the acts and omissions of the debtor, and that they will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2)(B).

18. The United States Trustee is unaware of any unusual circumstances that would prevent dismissal or conversion of this case, particularly in light of the Debtor's asserted intention in its Initial Operating Report to open a DIP account.

19. Dismissal or conversion is in the best interest of creditors, whose ability to recover value is threatened by the Debtors' inability to comply with Court orders and all requirements of Chapter 11, Subchapter V.

20. There appears to be no reason other than the Debtor's dereliction of duty that no DIP account has been opened, and therefore no reasonable justification for the acts and omissions of the Debtor.

**Request for Relief**

WHEREFORE, the United States Trustee requests the Court dismiss this case or convert this case to Chapter 7.

Date: September 11, 2026

Respectfully submitted,

**MATTHEW W. CHENEY,**
**Acting United States Trustee**
**Region 4**

**By Counsel**

/s/ Beth Kavitz
Beth Kavitz (WV Bar No. 10348)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV 25301
(304)347-3418
Beth.Kavitz@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System. All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF. Such parties include:

Ryan W. Johnson
*Attorney for Debtor*

Joe Supple
*Subchapter V Trustee*

Dated: September 11, 2026

/s/ Beth Kavitz
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov