**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | |
| DAVIS KITCHEN & TILE, LLC, | Case No. 1:26-bk-00343 |
| Debtor. | Chapter 11 |

**DEBTOR'S AMENDED BALLOT REPORT AND REPORT ON CONSENSUAL VERSUS NONCONSENSUAL CONFIRMATION UNDER 11 U.S.C. § 1191**

Davis Kitchen & Tile, LLC, the debtor and debtor-in-possession herein (the "Debtor"), by counsel, submits this Amended Ballot Report and Report on Confirmation pursuant to ¶ 3 of the Court's *Order Granting Debtor's Motion to Continue Confirmation Hearing and Establishing Supplemental Notice, Bar Date, and Voting Deadlines* entered July 22, 2026 [Doc. 131] (the "Scheduling Order"), which directs the Debtor to file a ballot summary and report on consensual versus nonconsensual confirmation under 11 U.S.C. § 1191 on or before September 18, 2026. This report amends and supersedes the Debtor's *Ballot Report and Report on Plan Confirmation* filed July 2, 2026 [Doc. 110]. In support, the Debtor states as follows:

1. On May 31, 2026, the Debtor filed its Subchapter V Chapter 11 Plan [Doc. 53] (the "Original Plan"). By Order entered June 1, 2026 [Doc. 56], the Court set a confirmation hearing for July 30, 2026 and fixed June 29, 2026 as the deadline to transmit ballots accepting or rejecting the Original Plan. On July 2, 2026, the Debtor filed its initial Ballot Report [Doc. 110], reporting five ballots, all accepting.

2. By the Scheduling Order, the Court continued the confirmation hearing to **September 23, 2026 at 10:30 a.m.**, directed the Debtor to file an amended plan on or before August 10, 2026, and established supplemental deadlines for the creditors added by the schedule amendment filed July 7, 2026 (the "Newly Added Creditors") and for "any creditor adversely affected under any amended Plan," including a deadline of **September 7, 2026** to object to confirmation and to transmit ballots accepting or rejecting the amended plan. Scheduling Order ¶ 3.

3. On August 10, 2026, the Debtor filed its Amended SBRA Plan [Doc. 139] (the "Amended Plan"). On August 12, 2026, in accordance with ¶ 4 of the Scheduling Order, the Debtor served the Scheduling Order, the Amended Plan, an appropriate ballot, and notice of the supplemental deadlines and continued confirmation hearing, and filed its certificate of service [Doc. 141].

4. Ballots were to be transmitted to counsel for the Debtor at Johnson Legal Services, PLLC, 1049 Market Street, Wheeling, West Virginia 26003, and were not to be filed with the Bankruptcy Clerk.

5. Pursuant to ¶ 5 of the Scheduling Order and Federal Rule of Bankruptcy Procedure 3019, "acceptances or rejections of the Plan previously submitted shall be deemed to apply to any Amended Plan to the extent permitted by Rule 3019, provided the modification does not adversely change the treatment of the claim of any creditor who has not accepted the modification in writing." The Amended Plan does not adversely change the treatment of any claim held by a creditor that previously submitted a ballot. The five ballots reported in Doc. 110 therefore carry forward and are deemed cast in favor of the Amended Plan.

**BALLOT RECEIVED FOLLOWING SERVICE OF THE AMENDED PLAN**

6. Following service of the Amended Plan on August 12, 2026, and on or before the September 7, 2026 supplemental voting deadline, the Debtor received **one (1)** additional ballot. A true and correct copy of that ballot is attached hereto as **Exhibit A**. It is summarized as follows:

| No. | Creditor / Ballot Holder | Class | Claim Amount | Vote | Ballot Date |
|---|---|---|---|---|---|
| 6 | Marcus W. Estlack and Stephanie Estlack (POC #13) | 5.3.1 | $3,800.00 | Accept | Aug. 28, 2026 |
| | Marcus W. Estlack and Stephanie Estlack (POC #13) | 7.1.16 | $28,167.00 | Accept | Aug. 28, 2026 |

7. The ballot was executed by Marcus W. Estlack on August 28, 2026, is dated within the supplemental voting period, identifies the voter's claim as treated in "5.3.1 + 7.1.16" of the Amended Plan, and checks the box *"Accepts the plan."* Under the Amended Plan, Class 5.3.1 is the Estlacks' priority Consumer Deposit Claim under 11 U.S.C. § 507(a)(7) in the amount of

$3,800.00, and Class 7.1.16 is the general unsecured balance of the same Proof of Claim No. 13 in the amount of $28,167.00. *See* Amended Plan §§ 5.3, 7.1. The ballot was timely received and no ballot rejecting the Amended Plan has been received from any creditor in any class.

## CUMULATIVE TABULATION

8. Giving effect to the ballots previously reported in Doc. 110, as preserved by ¶ 5 of the Scheduling Order and Rule 3019, together with the ballot received following service of the Amended Plan, the Debtor has received six (6) ballots in total, each accepting:

| No. | Creditor / Ballot Holder | Class | Claim Amount | Vote | Ballot Date |
|---|---|---|---|---|---|
| 1 | American Express National Bank | 7.1 | $5,963.43 | Accept | June 22, 2026 |
| 2 | Ferguson Enterprises, LLC | 7.1 | $61,362.00 | Accept | June 10, 2026 |
| 3 | Express Employment Professionals | 7.1.17 | $30,314.00 | Accept | June 19, 2026 |
| 4 | Pratt & Larson Ceramics, Inc. | 7.1 | $9,490.13 | Accept | June 9, 2026 |
| 5 | Whipkey Flooring (Paul M. & Regina G. Whipkey) | 7.1 | $10,000.00 | Accept | June 11, 2026 |
| 6 | Marcus W. Estlack and Stephanie Estlack (POC #13) | 5.3.1 / 7.1.16 | $3,800.00 / $28,167.00 | Accept | Aug. 28, 2026 |

9. The results of balloting are tabulated by class as follows:

| Class | Ballots Accepting | Ballots Rejecting | Amount Accepting | Result |
|---|---|---|---|---|
| Class 7.1 — Undisputed General Unsecured Claims | 6 | 0 | $145,296.56 | ACCEPTS |
| Class 5.3 — Priority Consumer Deposit Claims (11 U.S.C. § 507(a)(7)) | 1 | 0 | $3,800.00 | ACCEPTS |
| **All other classes** | 0 | 0 | — | No ballots cast |

## ACCEPTANCE UNDER 11 U.S.C. § 1126(c)

10. Class 7.1 (Undisputed General Unsecured Claims) is the principal impaired class entitled to vote on the Amended Plan. Six ballots were cast in that class, aggregating **$145,296.56**

in claim amount. Every ballot accepted the Amended Plan. Class 7.1 has therefore accepted the Amended Plan by one hundred percent (100%) in amount and one hundred percent (100%) in number of the allowed claims of the class members that voted, well in excess of the two-thirds in amount and more than one-half in number required by 11 U.S.C. § 1126(c).

11. One ballot was cast in Class 5.3 (Priority Consumer Deposit Claims), by the holder of Class 5.3.1, accepting the Amended Plan. Holders of Consumer Deposit Claims receive the treatment prescribed by 11 U.S.C. § 1129(a)(9)(B), and to the extent Class 5.3 is unimpaired it is deemed to have accepted the Amended Plan under 11 U.S.C. § 1126(f) and no ballot is required. To the extent Class 5.3 is entitled to vote, it has accepted: the sole ballot cast in that class accepted the Amended Plan, satisfying § 1126(c). Under either characterization, Class 5.3 is an accepting class.

12. No ballots were received from any other class, and no ballot rejecting the Amended Plan was received from any creditor. Holders of claims in unimpaired classes are not entitled to vote and are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f).

## REPORT ON CONSENSUAL VERSUS NONCONSENSUAL CONFIRMATION

13. Because every class that voted has accepted the Amended Plan and no class has rejected it, the Debtor reports that it intends to seek consensual confirmation of the Amended Plan under 11 U.S.C. § 1191(a).

14. The Debtor notes for the Court's information objections to confirmation of the Amended Plan remain pending and are not votes on the Amended Plan.

15. The Debtor reserves the right, in the event any impaired class is later determined not to have accepted the Amended Plan, or in the event the Court determines that the requirements of 11 U.S.C. § 1191(a) are not satisfied, to seek confirmation of the Amended Plan on a nonconsensual basis under 11 U.S.C. § 1191(b). The Debtor further reserves all rights, including the right to object to the allowance of any claim, whether originally scheduled or newly added, notwithstanding the treatment or vote of such claim. *See* Scheduling Order ¶ 6.

**WHEREFORE**, the Debtor respectfully submits this Amended Ballot Report and requests that the Court (i) find that Class 7.1 and Class 5.3 have accepted the Amended Plan; (ii) find that

no class has rejected the Amended Plan; (iii) confirm the Amended Plan on a consensual basis under 11 U.S.C. § 1191(a) at the September 23, 2026 confirmation hearing; and (iv) grant such other and further relief as is just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I, Ryan W. Johnson, hereby certify that on September 13, 2026, I electronically filed the foregoing *Debtor's Amended Ballot Report and Report on Consensual Versus Nonconsensual Confirmation Under 11 U.S.C. § 1191* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties participating in the same, including without limitation counsel for WHLR-Pierpont Center, LLC, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com

Counsel for the Debtor and Debtor-in-Possession