**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>DAVIS KITCHEN & TILE, LLC,<br>Debtor. | Case No. 1:26-bk-00343<br>Chapter 11 |

# DEBTOR'S MOTION FOR AUTHORITY TO MAINTAIN EXISTING DEPOSITORY ACCOUNTS PURSUANT TO 11 U.S.C. §§ 345(b) AND 363(c)(1) OR, IN THE ALTERNATIVE, FOR A FIXED PERIOD WITHIN WHICH TO OPEN DEBTOR-IN-POSSESSION ACCOUNTS

Davis Kitchen & Tile, LLC, debtor and debtor-in-possession (the "Debtor"), by undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a), 345(b) and 363(c)(1) and ¶ III of this Court's Operating Order [Doc. 10] for entry of an order authorizing the Debtor to maintain and use its existing deposit accounts at First United Bank & Trust as its debtor-in-possession accounts, on the conditions set forth herein, or, in the alternative, fixing a period of fourteen (14) days within which the Debtor shall open accounts at an authorized depository. In support, the Debtor states as follows:

1. The Debtor filed its voluntary petition under subchapter V of chapter 11 on May 14, 2026. It continues to operate its retail kitchen, tile and flooring business in Morgantown, West Virginia.

2. Before the Petition Date the Debtor maintained two deposit accounts at First United Bank & Trust ("First United"): account no. xxxx7779 (operating) and account no. xxxx0062 (retail) (together, the "Accounts"). The Debtor has continued to use the Accounts since the Petition Date and maintains no other deposit account.

3. First United is the Debtor's principal secured lender. Its claims and the Debtor's use of its cash collateral have been the subject of an interim order [Doc. 34], a Joint Stipulation and Agreed Order [Docs. 63, 69], and the Final Order Authorizing Use of Cash Collateral entered July 9, 2026 [Doc. 94]. Paragraph 3 of the Final Order grants First United replacement liens

extending expressly to the Debtor's "deposit accounts," and ¶ 5 directs monthly adequate protection payments of $3,605.25.

4. First United does not appear on the United States Trustee's Region 4 Authorized Depository List. Undersigned counsel identified that fact and communicated it to the Debtor's principal, Christopher Collins, on May 18, 2026 advising that the Debtor could request that First United complete the paperwork necessary to be added to the list.

5. The Debtor has disclosed the Accounts continuously. It identified both Accounts by number in its Initial Operating Report filed May 24, 2026 [Doc. 39]; delivered to the United States Trustee on May 26, 2026 a Verified List of All Depository Accounts, an executed Authorization for Release of Bank Account Information, and statements for both Accounts; and has attached the statements and reconciliations for both Accounts to each Monthly Operating Report [Docs. 77, 129, 147].

6. On September 11, 2026, the United States Trustee moved to dismiss or convert this case on the ground that the Debtor has not opened accounts at an authorized depository [Doc. 159]. The Debtor has responded separately.

**RELIEF REQUESTED**

7. The Debtor requests entry of an order authorizing it to maintain and use the Accounts as its debtor-in-possession accounts, based on the following:

- First United is an FDIC insured institution and both accounts are therefore fully insured;
- The Petition Date was May 14, 2026. Four months later, the US Trustee filed its Motion. Check or items drawn before the Petition Date are not in danger of being honored.
- The Debtor continues to furnish monthly statements and reconciliations for both accounts with each Monthly Operating Report; and
- First United's replacement liens under ¶ 3 of the Final Cash Collateral Order [Doc. 94] remain unaffected.

8. In the alternative, the Debtor requests that the Court fix a period of fourteen (14) days within which the Debtor shall open accounts at a depository appearing on the Region 4 Authorized Depository List and transfer the funds on deposit, and provide that First United's replacement liens attach to the new accounts with the same validity, priority and extent as they attach to the Accounts.

**BASIS FOR RELIEF**

9. Section 345(a) permits the deposit of estate funds so as to "yield the maximum reasonable net return . . . taking into account the safety of such deposit." Section 345(b) requires a bond or the deposit of securities for estate funds, except for deposits "insured or guaranteed by the United States," and expressly provides that the requirement applies "unless the court for cause orders otherwise." 11 U.S.C. § 345(b). The Court therefore has express statutory authority to permit the arrangement requested here.

10. The Accounts are held at a federally insured commercial bank that is itself the Debtor's principal secured creditor, appears in this case through counsel, and receives court-ordered adequate protection payments. The funds on deposit are that bank's cash collateral and are subject to its replacement liens in the Debtor's deposit accounts. Paragraph III of the Operating Order anticipates precisely this situation, directing transfer "unless such funds constitute cash collateral in which event court approval to make the transfer may be necessary," and authorizing the Debtor to "open and maintain bank accounts in compliance with the provisions of 11 U.S.C. § 345." Doc. 10 ¶ III.

11. The conditions proposed above address every interest the depository requirement protects: the segregation of estate funds from pre-petition obligations, the safety of the deposits, and the ability of the United States Trustee to monitor them. The Debtor has furnished monthly statements for both Accounts since the Petition Date and is obligated to continue to do so.

12. Transferring the funds is not costless. The Accounts receive customer deposits, process card settlements and fund payroll for an operating retail business. A mid-stream transfer carries a real risk of returned items and interrupted customer payments. If the Court nevertheless

prefers a transfer, the Debtor will effect it within fourteen days and will coordinate with First United so that its liens follow the funds.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to maintain and use accounts nos. xxxx7779 and xxxx0062 at First United Bank & Trust as its debtor-in-possession accounts, subject to the conditions set forth above; (ii) in the alternative, fixing a period of fourteen (14) days within which the Debtor shall open accounts at an authorized depository and transfer the funds on deposit, with First United's replacement liens attaching to the new accounts with the same validity, priority and extent; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I, Ryan W. Johnson, hereby certify that on September 13, 2026, I electronically filed the foregoing *Debtor's Motion for Authority to Maintain Existing Depository Accounts Pursuant to 11 U.S.C. §§ 345(b) and 363(c)(1) or, in the Alternative, for a Fixed Period Within Which to Open Debtor-in-Possession Accounts* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties participating in the same, including without limitation counsel for WHLR-Pierpont Center, LLC, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession