**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>DAVIS KITCHEN & TILE, LLC,<br>Debtor. | Case No. 1:26-bk-00343<br>Chapter 11 |

**DEBTOR'S MOTION TO APPROVE SUPPLEMENTAL NOTICE TO SCHEDULE G CONTRACT COUNTERPARTIES AND TO ESTABLISH LIMITED SUPPLEMENTAL OBJECTION AND VOTING DEADLINES**

Davis Kitchen & Tile, LLC, debtor and debtor-in-possession (the "Debtor"), by undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a), 365 and 1123(b)(2) and Federal Rules of Bankruptcy Procedure 2002, 6006 and 9007 for entry of an order approving supplemental notice to the contract counterparties identified on the Debtor's Amended Schedule G [Doc. 113] and establishing limited supplemental deadlines for those parties to object to confirmation and to cast ballots. In support, the Debtor states as follows:

**BACKGROUND**

1. On July 7, 2026, the Debtor filed Amended Schedules F and G and an amended creditor address matrix [Doc. 113]. Amended Schedule G lists twenty-three (23) executory contracts and unexpired leases, twenty-two (22) of which are described as a "Contract for services between Davis Kitchen and Client," that is, a residential kitchen, tile or flooring project that is in progress or contracted but not yet commenced (collectively, the "Work-in-Progress Contracts," and the counterparties thereto, the "Schedule G Counterparties").

2. By its *Order Granting Debtor's Motion to Continue Confirmation Hearing and Establishing Supplemental Notice, Bar Date, and Voting Deadlines* entered July 22, 2026 [Doc. 131] (the "Scheduling Order"), the Court continued the confirmation hearing to September 23, 2026, defined the "Newly Added Creditors" as the "creditors and parties in interest added to the Debtor's schedules by the amendment filed July 7, 2026," established a supplemental objection and voting deadline of September 7, 2026, and directed at ¶ 4 that the Debtor serve upon "each of

the Newly Added Creditors a copy of this Order, the Amended Plan, an appropriate ballot, and notice of the supplemental deadlines and continued confirmation hearing."

3. The Debtor filed its Amended SBRA Plan on August 10, 2026 [Doc. 139] (the "Amended Plan"). Section 7.3 of the Amended Plan provides for the assumption of the Work-in-Progress Contracts, and the Amended Plan contemplates that each such counterparty will receive the performance for which it contracted. On August 12, 2026, the Debtor served the Scheduling Order, the Amended Plan and a ballot and filed its certificate of service [Doc. 141].

4. The Debtor brings this Motion because a review of the record discloses an inadvertent omission in that service, and the Debtor believes the omission should be corrected promptly and on the record rather than left to be raised at confirmation. The amended address matrix filed with Doc. 113 added five names: Chad Henninger, Chris Lituma, Jennifer Lopez, Stephanie Rellick and Mary Lou Wilson, each a holder of a priority consumer deposit claim under 11 U.S.C. § 507(a)(7). The Schedule G Counterparties, however, were *not* added to the address matrix. Because the mailing matrix generated by the Clerk on August 11, 2026 and used for the August 12, 2026 service did not include them, nineteen (19) Schedule G Counterparties did not receive the notice package required by ¶ 4 of the Scheduling Order.

5. Four Schedule G Counterparties *were* served on August 12, 2026, because each was already on the matrix for an independent reason: Chris Battin (Proof of Claim No. 25), Denise Warren (Proof of Claim No. 27), Robin and John Keough (scheduled creditor), and Secure Storage of Morgantown, LLC (lessor under the storage leases assumed by Order entered July 31, 2026 [Doc. 136]). The following nineteen (19) Schedule G Counterparties were not served:

| Sch. G ¶ | Contract Counterparty | Mailing Address |
|---|---|---|
| 2.1 | Andrea Brugnoli | 309 Cody Drive, Morgantown, WV 26508 |
| 2.2 | Barbara Rowan | 173 Meadow View Drive, Arthurdale, WV 26520 |
| 2.3 | Becky Pinnell | 313 Horseshoe Road, Morgantown, WV 26508 |
| 2.4 | Bill & Nancy Kessler | 11 Antitem Drive, Morgantown, WV 26508 |
| 2.5 | Bill Ramsey | 17865 Brandonville Pike, Bruceton Mills, WV 26525 |
| 2.8 | Harold Allen | 1085 Autumn Avenue, Morgantown, WV 26508 |
| 2.10 | Kelsie Goodwin | 1370 Woodbine Drive, Terra Alta, WV 26764 |
| 2.11 | Mary & John Sellaro | 1261 Cambridge Avenue, Morgantown, WV 26505 |
| 2.12 | Melissa Sherfinski | 112 Euclid Avenue, Morgantown, WV 26505 |

| | | |
|---|---|---|
| 2.13 | Michael and Tiffany Schwalm | 420 Center Street, Carmichaels, PA 15320 |
| 2.14 | Michael Hyde | 2596 University Avenue, Morgantown, WV 26505 |
| 2.15 | Ray Murray | 7 Lamplighter Lane, Morgantown, WV 26508 |
| 2.16 | Rebecca Dittenhafer | 506 North Main Street, Masontown, PA 15461 |
| 2.18 | Shannon Schifano | 4003 Greystone Drive, Morgantown, WV 26508 |
| 2.19 | Terri Miconi | 102 Concord Street, Fairmont, WV 26554 |
| 2.20 | Todd & Justine Handelman | 2188 Marsh Hill Road, McHenry, MD 21541 |
| 2.21 | Troy Shutler | 2202 Maple Street, Morgantown, WV 26508 |
| 2.22 | Voytek & Elizabeth Jeruzal | 821 Bogey Lane, Morgantown, WV 26508 |
| 2.23 | Wincor Properties, Don Corwin | 2692 Halleck Road, Morgantown, WV 26508 |

6. The omission was inadvertent. It arose because the Schedule G Counterparties were added to Schedule G but not to the address matrix filed with the same amendment, and the Debtor thereafter relied on the Clerk-generated matrix for service.

7. On September 8, 2026, the State of West Virginia filed its *Limited Objection* [Doc. 155], the first ground of which is that the Debtor "failed to . . . provide notice to consumers listed on the Amended Schedule G as parties to contracts with Davis Kitchen & Tile, LLC that it intends to assume their unfinished and/or not yet commenced home improvement projects." The relief requested in this Motion is intended to resolve that ground of the Limited Objection in full.

**RELIEF REQUESTED**

8. The Debtor requests entry of an order, substantially in the form submitted herewith, that: (a) approves the form of *Notice to Contract Counterparties Identified on Amended Schedule G* submitted herewith as Exhibit 1 (the "Supplemental Notice"); (b) directs the Debtor to serve the Supplemental Notice, together with the Scheduling Order, the Amended Plan, this Motion and the order granting it, and an appropriate ballot, upon each of the nineteen Schedule G Counterparties by first-class United States mail within three (3) business days of entry of the order; (c) establishes a limited supplemental deadline, applicable solely to the Schedule G Counterparties, to object to confirmation of the Amended Plan and to transmit ballots accepting or rejecting the Amended Plan, twenty-eight (28) days after the date of such service; (d) continues the confirmation hearing to a date on or after that deadline; and (e) directs the Debtor to file a certificate of service and a supplemental address matrix reflecting the addition of the Schedule G Counterparties.

## BASIS FOR RELIEF

9. A plan may provide for the assumption of an executory contract under 11 U.S.C. § 1123(b)(2), and assumption under 11 U.S.C. § 365 binds the counterparty. Due process and Federal Rule of Bankruptcy Procedure 2002 accordingly require that a counterparty whose contract a plan proposes to assume receive notice of the plan, of the proposed assumption, and of the time fixed for objecting to confirmation. Rule 2002(b) prescribes twenty-eight days' notice of the time fixed for filing objections to confirmation of a chapter 11 plan. The twenty-eight-day period requested here tracks that rule and requires no shortening.

10. The requested relief is procedural, prejudices no party, and protects the integrity of any confirmation order.

11. The Debtor submits that a short continuance is warranted and manageable. The § 365(d)(4) period as to the Debtor's commercial lease has been extended by this Court [Doc. 153], and the Debtor has sought its extension through December 10, 2026 [Doc. 149]; a continued confirmation hearing in late October 2026 falls within that period. The Debtor continues to perform its post-petition obligations and to file monthly operating reports.

12. In the alternative, if the Court prefers to retain the September 23, 2026 confirmation hearing, the Debtor requests that the Court proceed on that date as to all matters other than the treatment of the Work-in-Progress Contracts, and continue the confirmation hearing solely as to that issue to a date after the supplemental deadline established under this Motion, holding the record open for that limited purpose.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) approving the form of Supplemental Notice; (ii) directing service upon the nineteen Schedule G Counterparties within three business days of entry; (iii) establishing a limited supplemental objection and voting deadline for those parties twenty-eight days after service; (iv) continuing the confirmation hearing to a date on or after that deadline, or in the alternative continuing the hearing solely as to the treatment of the Work-in-Progress Contracts; and (v) granting such other and further relief as is just and proper.

Dated: September 13, 2026

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I, Ryan W. Johnson, hereby certify that on September 13, 2026, I electronically filed the foregoing *Debtor's Motion to Approve Supplemental Notice to Schedule G Contract Counterparties and to Establish Limited Supplemental Objection and Voting Deadlines* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties participating in the same, including without limitation counsel for WHLR-Pierpont Center, LLC, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession