**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**In re: DAVIS KITCHEN & TILE, LLC** **Case No. 1:26-bk-343**

**Debtor.**

# OBJECTION OF BARBARA AND ALLEN ROWAN TO CONFIRMATION OF CHAPTER 11 PLAN

Barbara and Allen Rowan ("Creditors"), by counsel, file this Objection to confirmation of Debtor's proposed Chapter 11 Plan [Dkt. No. 139] (the "Plan") and state as follows:

1. On February 25, 2026, Creditors entered into a contract with Debtor for a kitchen remodel. The contract was for the amount of $43,489.53. *See* Exhibit 1.

2. Debtor required a fifty percent (50%) down payment, and Creditors paid Debtor $21,745.06 at that time. *See* Exhibit 2.

3. The kitchen remodeling services were for Creditors' personal, family, and household use.

4. Debtor did not commence or complete the work for which the down payment was made, and the services purchased by Creditors have not been provided.

5. Based on language on page 2 of the Plan, Creditors' understanding is that Debtor intends to carry out its obligations and remodel Creditors' kitchen. As the Plan states:

> Also, at the request of the State Attorney Geneal and the Office of the United States Trustee, parties with works in progress at David Kitchen & Tile were identified on Amended Schedule G. Those parties with agreements with Davis Kitchen & Tile are listed as having executory contacts for purposes of this plan with those projects being assumed by the Debtor in this Chapter 11 proceeding. A party with a pending project at Davis Kitchen & Tile need not undertake any affirmative step to preserve the obligations of payment and performance, but if such a party wishes to reject the pending project, a rejection claim must be flied no later than 28 days after the date of the order confirming this plan.

[Dkt. No. 139, pg. 2].

Creditors' contract is identified in Section 7.3.4 as one that Debtor is assuming. [Dkt. No. 139, pg. 12].

6. Nonetheless, Creditors have not heard from Debtor regarding the status of their kitchen remodel and therefore desire to take steps to protect their interests. In filing this Objection, Creditors' intention is to ensure that they receive either payment of their priority claim or completion of the executory contract.

7. In Section 5.3 of the Plan, Debtor sets forth ten priority claims under 11 U.S.C. § 507(a)(7) and proposes to pay such claims in full. [Dkt. No. 139, pg. 7].

8. The Plan recognizes that these claimants are Debtor's customers, and Creditors presume that those claims are the same as theirs: deposits or down payments for uncompleted work.

9. Debtor leaves itself an "out" related to those ten priority claims, providing, "To the extent that these individuals seek to continue their business relationship with Davis Kitchen & Tile and receive the promised performance, no amount will be paid on the claim." *Id.*

10. Creditors desire to receive the same treatment.

11. Creditors filed a proof of claim asserting priority status under 11 U.S.C. § 507(a)(7), to the extent allowed by law, with the balance of the claim treated as a general unsecured claim.

12. Section 507(a)(7) provides priority for allowed unsecured claims of individuals, up to the applicable statutory cap, arising from the deposit of money before the commencement of the case in connection with the purchase of property or services for personal, family, or household use that were not delivered or provided.

13. Debtor recognizes in the Plan that this provision applies to those who made deposits or down payments on kitchen remodeling.

14. Creditors' claim falls within § 507(a)(7). Creditors are individual consumers, a husband and wife. They made the deposit on February 25, 2026, which was before Debtor's filing date of May 14, 2026. Creditors paid for household remodeling services, and Debtor has not provided those services.

15. Under 11 U.S.C. § 1129(a)(9)(B), unless the holder of a § 507(a)(7) priority claim agrees to different treatment, the Plan must provide that each holder of such claim will receive either: (i) if the class accepts the Plan, deferred cash payments having a value, as of the effective date, equal to the allowed amount of the claim; or (ii) if the class does not accept the Plan, cash on the effective date equal to the allowed amount of the claim.

16. Creditors have not agreed to waive priority status or accept treatment as general unsecured creditors for the portion of the claim entitled to priority under § 507(a)(7).

17. Because the Plan fails to classify and treat Creditors' § 507(a)(7) claim as a priority claim (similar to how it treats the other claims in Section 5.3), the Plan does not satisfy the requirements of 11 U.S.C. § 1129(a)(1) and § 1129(a)(9)(B).

18. Confirmation should therefore be denied unless the Plan is amended, or confirmation is otherwise conditioned, to provide Creditors with the treatment required for a § 507(a)(7) priority claim.

19. Creditors do not, by this Objection, waive any right to assert the full amount of Creditors' claim, to assert priority status to the extent permitted by law, to assert a general unsecured claim for any remaining balance, to oppose any objection to Creditors' claim, or to raise any other objection or argument as may be appropriate.

WHEREFORE, Creditors respectfully request that the Court deny confirmation of the Plan unless the Plan is amended or confirmation is conditioned to: (a) recognize Creditors' claim as a priority claim under 11 U.S.C. § 507(a)(7) to the extent permitted by law; (b) provide treatment of that priority claim in accordance with 11 U.S.C. § 1129(a)(9)(B); (c) treat any remaining balance as a general unsecured claim unless otherwise determined by the Court; and (d) grant such other and further relief as the Court deems just and proper.

Dated this 13th day of October 2026.

**BARBARA AND ALLEN ROWAN, Creditors,**
**By Counsel:**

*/s/ Richard R. Marsh*_______________________
Richard R. Marsh (W. Va. Bar No. 10877)
Aaron L. Graves (W. Va. Bar No. 14869)
**Flaherty Sensabaugh Bonasso PLLC**
48 Donley Street, Suite 501
Morgantown, West Virginia 26501
(304) 598-0788 – telephone
(304) 598-0790 – facsimile
rmarsh@flahertylegal.com
agraves@flahertylegal.com