David L. Bissett
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| INRE: | Case No. 1:26-bk-00343 |
| **DAVIS KITCHEN & TILE, LLC,** | Chapter 11, Subchapter V |
| Debtor. | Honorable David L. Bissett |

**AGREED ORDER RESOLVING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT FOR FAILURE TO COMPLY WITH COURT'S OPERATING ORDER REQUIRING OPENING OF DEBTOR IN POSSESSION BANK ACCOUNTS [DOC. 159]**

**THIS MATTER** came before the Court upon the United States Trustee's Motion to Dismiss or Convert for Failure to Comply with Court's Operating Order Requiring Opening of Debtor In Possession Bank Accounts [Doc. 159] (the "Motion"), filed September 11, 2026, by Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel; the Debtor's Response and Objection to the Motion [Doc. 162] filed by Davis Kitchen & Tile, LLC, debtor and debtor-in-possession (the "Debtor"); and the Court's Order [Doc. 166] granting the alternative relief requested in the Debtor's Motion for Authority to Maintain Existing Depository Accounts [Doc. 163]. Following a telephonic preliminary hearing on September 29, 2026, the Court scheduled a final evidentiary hearing on the Motion for October 28, 2026, and provided that no appearance would be required should an agreed order be entered before that hearing [Doc. 185]. The U.S. Trustee and the Debtor (together, the "Parties"), as evidenced by the signatures of their counsel below, have agreed to the entry of this Order. Having reviewed the Motion, the Response and the record in this case, and good cause appearing, the Court does hereby **FIND** as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (0). Venue is proper under 28 U.S.C. § 1408.

2. Paragraph III of the Court's Operating Order [Doc. 1O] directs the Debtor in Possession to transfer funds on deposit to new Debtor in Possession accounts and to maintain bank accounts in compliance with 11 U.S.C. § 345. By Order entered September 14, 2026 [Doc. 166], the Court fixed September 28, 2026, as the deadline for the Debtor to open accounts at a depository appearing on the Region 4 Authorized Depository List and to transfer the funds on deposit into such accounts.

3. First United Bank & Trust ("First United") has entered into a Uniform Depository Agreement with the United States Trustee for Region 4, covering the Northern District of West Virginia, a copy of which the Debtor filed on September 28, 2026 [Doc. 183].

4. The Debtor maintains a deposit account at First United ending in 0062, titled "Davis Kitchen & Tile LLC, DKT Retail, Debtor in Possession" (the "DIP Account"). The Debtor has provided the U.S. Trustee with the statement for the DIP Account for the period ending September 30, 2026, which reflects that designation. The Debtor's account at First United ending in 7779 has been closed as of June 29, 2026, and had a balance of $0.00.

5. The U.S. Trustee is satisfied that the Debtor has cured the deficiency identified in the Motion, and the Parties have agreed to resolve the Motion on the terms set forth below.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion [Doc. 159] is **RESOLVED** and, to the extent it seeks dismissal of this case or its conversion to Chapter 7, is **DENIED AS MOOT,** without prejudice to the U.S. Trustee's right to seek dismissal or conversion on any other ground or upon any future failure to comply with this Order or the Operating Order.

2. The Debtor shall hold all funds of the estate only in debtor-in-possession accounts designated as such and maintained at a depository that is party to a Uniform Depository Agreement with the United States Trustee or that appears on the Region 4 Authorized Depository List, and shall not open, maintain or use any other deposit account without first giving written notice to the U.S. Trustee and the Subchapter V Trustee.

3. The Debtor shall continue to attach to each Monthly Operating Report the bank statements and bank reconciliations for every account it maintains, including the DIP Account.

4. Funds on deposit in the DIP Account remain subject to First United's replacement liens, with the same validity, priority and extent as provided in the Final Cash Collateral Order [Doc. 94] and the Court's Order [Doc. 166].

5. The final evidentiary hearing on the Motion scheduled for October 28, 2026, at 10:30 a.m. is CANCELLED as to the Motion only, and no appearance on the Motion is required. Nothing in this Order affects the confirmation hearing or any other matter scheduled for that date.

6. The Court retains jurisdiction to interpret and enforce this Order.

**SO ORDERED.**

Order prepared and submitted by:

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

Agreed to by:

MATTHEWW. CHENEY,
Acting United States Trustee, Region 4
By Counsel

/s/ Beth Kavitz
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov