**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:**

| | |
|---|---|
| **DAVIS KITCHEN & TILE, LLC,** | **Case No. 1:26-bk-00343** |
| **Debtor** | **Chapter 11, Subchapter V** |

**UNITED STATES TRUSTEE'S RENEWED AND AMENDED OBJECTION TO THE DEBTOR'S AMENDED SUBCHAPTER V CHAPTER 11 PLAN**

The Acting United States Trustee for Region 4, Matthew W. Cheney ("U.S. Trustee"), by counsel, hereby renews and amends the *Objection to the Debtor's Amended Subchapter V Chapter 11 Plan* ("Objection to Amended Plan") (dkt. 155). As grounds for the renewed and amended Objection, the U.S. Trustee states as follows:

1. The U.S. Trustee incorporates the "Background" section of the Objection to Amended Plan as though the same were set forth in its entirety herein.

2. Since the U.S. Trustee filed the Objection to Amended Plan, on September 13, 2026, the Debtor filed an *Amended Ballot Report and Report on Consensual versus Nonconsensual Confirmation under 11 U.S.C. § 1191* ("Amended Ballot Report") (dkt. 161). Within the Amended Ballot Report, the Debtor reported that all ballots returned had voted to accept the Amended Plan, and noted that objections to confirmation remained pending.

3. Also on September 13, the Debtor filed a *Motion to Approve Supplemental Notice to Schedule G Contract Counterparties and to Establish Limited Supplemental Objection and Voting Deadlines* ("Supplemental Notice Motion") (dkt. 164). The Order granting the Supplemental Notice Motion set a ballot deadline of October 15, 2026 for the 23 contract counterparties listed on Schedule G. Dkt. 165. The Court ordered the Debtor to provide notice

and balloting information regarding the Plan to these parties upon the determination that the Debtor had not previously provided such notice. *Id*.

4. The Debtor filed a *Certificate of Service* upon the Notice of Bankruptcy Filing, Amended Schedule G, Plan, Ballot, and Court Order on September 18, 2026. Dkt. 174.

5. The Debtor filed its Monthly Operating Report ("MOR") for August 2026 on September 22, 2026. Dkt. 176. The net income reported for August 2026 was $2,538.00.

6. On October 13, 2026, Barbara and Allen Rowan, by counsel, filed an objection to the Amended Plan. Dkt. 187.

7. Since the Court entered the Order granting the Supplemental Notice Motion, at least two parties have contacted the U.S. Trustee directly or by counsel regarding contracts with the Debtor for work that has not been performed despite payment of significant deposits. The U.S. Trustee has not provided any legal advice in response to these contacts.

8. The Debtor has not yet filed any amended ballot report with the Court.

9. Creditor WHLR-Pierpont Center, LLC filed a *Supplemental Objection to Confirmation* on October 20, 2026 (dkt. 190) reporting that the Debtor has not paid rent for September or October 2026, in violation of the Court's Order entered September 25, 2026 (dkt. 179).

10. Upon information and belief, the Debtor has not made adequate protection payments to First United Bank and Trust for September and October 2026.

11. The Debtor has resolved the U.S. Trustee's *Motion to Dismiss or Convert for Failure to Comply with Court's Operating Order* ("Motion to Dismiss") (dkt. 159) by virtue of designating its bank account at approved depository First United Bank and Trust as a Debtor-in-Possession account by the Court-ordered deadline of September 28, 2026. An agreed order

resolving the Motion to Dismiss has been submitted to the Court. Dkt. 191. The same agreed order reserves the U.S. Trustee's rights to move the Court to dismiss or convert this matter on other grounds.

**Grounds for Objection: Infeasibility**

12. The Debtor has purportedly afforded notice to all contract counterparties pursuant to this Court's Order. Contract counterparties who have participated in the proceedings to date have indicated that the Debtor has banked their deposits for work that has not been performed. These representations and the lack of income to support the Amended Plan indicated by the MORs raise serious concerns, namely: what has the Debtor done with deposits for work in progress, and what is preventing the Debtor from performing work to generate income to sustain a plan of reorganization?

13. The Debtor's low net income reported on MORs would be even lower – a net negative - if the Debtor had been making payments as ordered by this Court for adequate protection to First United Bank and Trust, and for rent to WHLR-Pierpont Center, LLC. Negative net income does not support feasibility of the Amended Plan.

14. Since the U.S. Trustee filed its original Objection to the Amended Plan, the Debtor's income has continued to fall short of the projections contained in the Amended Plan without any indication from the Debtor that it can make up this shortfall.

15. Evidence before the Court in the Debtor's MORs indicates that the Amended Plan is infeasible. The Debtor has presented no evidence that it can meet its obligations for adequate protection and rent, let alone plan payments. Accordingly, the Court should deny confirmation of the Amended Plan on the basis that the Amended Plan is wholly infeasible.

**Grounds for Objection: Failure to Comply with Court Orders**

16. The Debtor has failed to comply with two crucial Orders of this Court as described above. First, the Debtor has not made adequate protection payments in September and October 2026 to First United Bank and Trust as required by the *Final Order (I) Authorizing Debtor-in-Possession's Use of Cash Collateral, (II) Granting Adequate Protection to Secured Creditors, and (III) Granting Related Relief* ("Cash Collateral Order") (dkt. 94). Second, the Debtor has not paid rent as required by the *Order Granting WHLR-Pierpont Center, LLC's Motion to Compel Allowance and Immediate Payment of Administrative Expense Claim (doc. 145), Establishing a Payment Schedule, and Continuing Hearings on Document Nos. 143 and 149* ("WHLR Payment Order") (dkt. 179). The Debtor's failure to make the payments as ordered is further evidence of the infeasibility of the Amended Plan.

**Grounds for Objection: Administrative Issues**

17. The Debtor has omitted work in progress information requested to be provided as Schedules E and F to its MORs. This information is crucial to a clear picture of the Debtor's future earnings projections and ability to fund a plan at any point in time, particularly in light of the number of contract counter parties asserting claims for work to be performed and deposits paid to the Debtor.

**Relief Requested**

WHEREFORE, in light of the foregoing, the U.S. Trustee respectfully requests that this Court deny confirmation of the Debtor's Amended Plan for the reasons set forth herein.

Dated: October 22, 2026

Respectfully submitted,

**MATTHEW W. CHENEY**
**ACTING UNITED STATES TRUSTEE**
**REGION 4**

By Counsel:

/s/*Beth Kavitz*

Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U. S. Trustee
300 Virginia Street East, Rm. 2025
Charleston, WV 25301
(304)347-3418
Beth.Kavitz@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System. All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF. Such parties include:

Ryan W. Johnson, Esq.
*Attorney for Debtor*

Joe Supple, Esq.
*Subchapter V Trustee*

Dated: October 22, 2026

/s/ Beth Kavitz
Beth Kavitz (WVSB #10348)
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3418
Beth.Kavitz@usdoj.gov