**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**

**NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DAVIS KITCHEN & TILE, LLC,** | § | **Case No. 1:26-bk-00343** |
| | § | |
| **Debtor.** | § | **Chapter 11** |
| | § | |

**SUPPLEMENTAL OBJECTION BY THE STATE OF WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL, CONSUMER PROTECTION AND ANTITRUST DIVISION TO CONFIRMATION OF THE DEBTOR'S AMENDED PLAN**

COMES NOW the State of West Virginia, Office of the West Virginia Attorney General, Consumer Protection and Antitrust Division, by counsel, and files its *Supplemental Objection to Confirmation of the Debtor's Amended Plan* and states as follows:

## I. OVERVIEW

Although the Debtor has filed amendments to provide notice to consumers, confusion remains about whether the Debtor has listed and noticed all consumers, and about the Debtor's intention as to certain consumer's claims for unfinished home improvement projects. Further, the Plan does not appear feasible, when analyzed along with the Debtor's monthly operating reports. Therefore, the Attorney General continues to object to confirmation of the Debtor's Plan as it is not appropriate for confirmation.

## II. RELEVANT BACKGROUND

After objections by the Attorney General and United States Trustee, additional consumer creditors were added to the bankruptcy schedules and notices. The Attorney General incorporates its relevant background from its previously filed objection. However, the undersigned continues to hear from consumers who remain in the dark about the status of their home improvement project, four months after the case filing. In fact, a review of the monthly operating report "work in

progress" sheet shows that the "start date" for many projects have been pushed back, without explanation, for months. For example, regarding the Dittenhafer projects, the start dates for the laundry project have been pushed back from July 27, 2026 (May Operating Report) to August 15, 2026 (June Operating Report) to September 15, 2026 (July Operating Report) to October 26, 2026 (September Operating Report) with only an explanatory note of "working on a firm start date." Likewise, the Dittenhafer bathroom project was delayed from June 29, 2026 (May Operating Report) to October 26, 2026 (September 2026). Another example is the Schwalm primary and guest bath projects where the Debtor pushed back start dates from August 2026 to September 2026, then noted the projects as "in progress" (August Operating Report), but then pushed them back again to December 12, 2026 (September Operating Report), with no explanation provided.

Due to continued calls from consumers or their representatives, the undersigned undertook a more in depth review of the "work in progress" list of the most recent monthly operating reports, and found additional consumer names that are not referenced elsewhere in the bankruptcy filings. This has led to confusion about the Debtor's categorization of the consumers' projects and whether all consumers received notice.

For example, the work in progress list for the September 2026 operating report includes "Robinson bath and shower," however, there is no "Robinson" listed on the schedules. Likewise, the operating report includes on its work in progress line entries for "Delardas flooring," "Del Greco bathrooms" and "Maier Kitchen" but those names are not found on the schedules (though Maier Kitchen is listed in a May 29, 2026 Motion to Shorten Time regarding a critical vendor payment issue and presumably is a pre-petition contract). While some of these names may relate to post-petition contracts, this is not clear.[1]

---

[1]This list of consumers herein is not all-inclusive and there may be other consumers that are not listed on the schedules but have line entries on the operating reports' work in progress list.

## III. ARGUMENT

The Attorney General incorporates its arguments in previously filed objections that consumer creditors and consumers with alleged executory contracts should be listed on schedules and provided notice. To the extent that there remain any other consumers who are not listed, the Attorney General argues that confirmation should not be considered as to those consumers until proper notice is provided.

A plan of confirmation cannot be confirmed if it is "likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).[2] It is well settled that the bankruptcy court must scrutinize a proposed plan carefully in assessing the plan's feasibility. *In re 8315 Fourth Ave. Corp.*, 172 B. R. 725, 735 (Bankr. E.D.N.Y.1994). 11 U.S.C. § 1129(a)(11) (feasibility required).

Income projections offered to support the plan must be based on "concrete evidence of financial progress and must not be speculative, conjectural, or unrealistic." *In re Trevarrow Lanes, Inc.*, 183 B.R. 475, 482 (Bankr..E.D.Mich.1995)(internal citations omitted). A critical issue in assessing the feasibility of a plan which provides for the debtor's continued operation is whether the debtor can generate "sufficient cash flow to fund and maintain both its operations and obligations under the plan." *Id*. (internal citations omitted).

The September 2026 monthly operating report indicates that the Debtor did not pay its landlord pursuant to the payments order, the Debtor set forth lowered gross income projections, and the Debtor included substantial downward variance from the projections set forth in the plan. The net income figures are not even close to the amount needed to pay the plan payments of

---

[2] The Debtor's amended plan states that "confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization."

$15,750.00 per month.[3] Though the projected net income for October 2026 is $0.01 and for November 2026 is $15,759.10, the Debtor has not explained this net income turnaround.

The Attorney General's Office incorporates the objection of WHLR-Pierpont Center, LLC as it relates to feasibility and also incorporates the objection of the United States Trustee.

## IV. CONCLUSION

The State respectfully requests that the Court deny confirmation of the Debtor's amended plan and provide any further relief to which the State or consumers are entitled.

Dated: October 22, 2026.

Respectfully Submitted,

JOHN B. MCCUSKEY
ATTORNEY GENERAL
STATE OF WEST VIRGINIA

*/s/Tanya L. Godfrey*
Tanya L. Godfrey (WVSB # 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
Consumer Protection & Antitrust Division
P. O. Box 1789
Charleston, WV 25326-1789
Phone: (304)558-8986
Fax: (304)558-0184
Email: Tanya.L.Godfrey@wvago.gov

[3]June 2026 net income -$19,695.42; July 2026 net income $4,532.00; August 2026 net income $2,537.59; September 2026 net income $-27,353.28.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:**

**DAVIS KITCHEN & TILE, LLC,** **Case No. 1:26-bk-00343**

**Debtor.** **Chapter 11**

## CERTIFICATE OF SERVICE

I, Tanya L. Godfrey, counsel for State of West Virginia, Office of the Attorney General, Consumer Protection & Antitrust Division, hereby certify that on October 22, 2026, I electronically filed a *Supplemental Objection by the State of West Virginia, Office of the Attorney General, Consumer Protection and Antitrust Division, to Confirmation of the Debtor's Amended Plan* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing.

***/s/Tanya L. Godfrey***

Tanya L. Godfrey (WVSB # 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
Consumer Protection & Antitrust Division
P. O. Box 1789
Charleston, WV 25326-1789
Phone: (304)558-8986
Fax: (304)558-0184
Email: Tanya.L.Godfrey@wvago.gov