**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>DAVIS KITCHEN & TILE, LLC,<br><br>Debtor. | Case No. 1:26-bk-00343<br><br>Chapter 11 |

**DEBTOR'S SECOND AMENDED BALLOT REPORT**
**AND REPORT ON CONSENSUAL VERSUS NONCONSENSUAL**
**CONFIRMATION UNDER 11 U.S.C. § 1191**

Davis Kitchen & Tile, LLC, (the "Debtor"), by counsel, submits this Second Amended Ballot Report and Report on Confirmation in advance of the continued confirmation hearing set for October 28, 2026 at 10:30 a.m. by the Court's *Order Approving Supplemental Notice to Schedule G Contract Counterparties and Establishing Limited Supplemental Objection and Voting Deadlines* entered September 14, 2026 (Doc. 165) (the "Supplemental Notice Order"), and in accordance with ¶ 3 of the Court's *Order Granting Debtor's Motion to Continue Confirmation Hearing and Establishing Supplemental Notice, Bar Date, and Voting Deadlines* entered July 22, 2026 (Doc. 131) (the "Scheduling Order"). This report amends and supersedes the Debtor's Amended Ballot Report and Report on Consensual Versus Nonconsensual Confirmation filed September 13, 2026 (Doc. 161) (the "Amended Ballot Report"), and reports the ballots returned by the contract counterparties identified on Amended Schedule G following the supplemental notice. In support, the Debtor states as follows:

**BACKGROUND**

1. On August 10, 2026, the Debtor filed its Amended SBRA Plan (Doc. 139) (the "Amended Plan"), and on August 12, 2026 served the Amended Plan and a ballot in accordance with the Scheduling Order (Doc. 141). In the Amended Ballot Report, the Debtor reported six (6) ballots, each accepting the Amended Plan: the five ballots cast on the Debtor's original plan and reported in Doc. 110, which carried forward to the Amended Plan under ¶ 5 of the Scheduling

Order and Federal Rule of Bankruptcy Procedure 3019, and one ballot cast by Marcus W. and Stephanie Estlack in Classes 5.3.1 and 7.1.16. Amended Ballot Report ¶¶ 5–8.

2. Section 7.3 of the Amended Plan provides for the Debtor's assumption of the work-in-progress contracts identified on Amended Schedule G (Doc. 113), under which the Debtor will complete each project on the terms originally agreed, with no amount payable on account of those contracts under the Amended Plan. Amended Plan § 7.3. By the Supplemental Notice Order, the Court approved a form of notice to the nineteen contract counterparties listed in ¶ 3 of that Order (the "Schedule G Counterparties") and fixed October 15, 2026, solely as to the Schedule G Counterparties, as the deadline to object to confirmation of the Amended Plan and to transmit a ballot accepting or rejecting it. Supplemental Notice Order ¶¶ 3–4. Ballots were to be transmitted to counsel for the Debtor at Johnson Legal Services, PLLC, 1049 Market Street, Wheeling, West Virginia 26003, and were not to be filed with the Bankruptcy Clerk. *Id.* ¶ 4.

3. On September 15, 2026, the Debtor served the Supplemental Notice, the Scheduling Order, the Amended Plan, the Debtor's supplemental notice motion and the Supplemental Notice Order, and a ballot upon each Schedule G Counterparty by first-class mail, and filed its certificate of service (Doc. 168). On September 18, 2026, the Debtor served the same documents, together with Official Form 309F2, upon Diane Marcotte Corwin and Donald E. Corwin, Jr. at the address of Schedule G Counterparty Wincor Properties, Don Corwin (Doc. 174). The ballot form transmitted with the Supplemental Notice stated a return date of October 13, 2026.

4. The Supplemental Notice Order left the deadlines of the Scheduling Order in effect as to all parties other than the Schedule G Counterparties and provided that "[b]allots previously cast remain effective in accordance with ¶ 5 of the Scheduling Order and Federal Rule of Bankruptcy Procedure 3019." Supplemental Notice Order ¶ 7. The six ballots reported in the Amended Ballot Report therefore remain effective and are carried forward in this report.

**BALLOTS RECEIVED FROM SCHEDULE G COUNTERPARTIES**

5. Following service of the Supplemental Notice, the Debtor received six (6) ballots from or on behalf of Schedule G Counterparties. True and correct copies of those ballots are

attached hereto as Exhibit A. Numbered consecutively with the ballots reported in the Amended Ballot Report, they are summarized as follows:

| No. | Ballot Holder | Plan § (Sch. G ¶) | Claim Amount Stated | Vote | Ballot Date |
|---|---|---|---|---|---|
| 7 | Bill & Nancy Kessler (executed by Bill Kessler) | 7.3.6 (2.4) | None | Accept | Sept. 21, 2026 |
| 8 | Wincor Properties, Don Corwin (executed by Donald E. Corwin, Jr.) | 7.3.24 (2.23) | None | Reject | Sept. 25, 2026 |
| 9 | Melissa Sherfinski | 7.3.14 (2.12) | None | Reject | Oct. 9, 2026 |
| 10 | Michael Hyde | 7.3.16 (2.14) | None (figure struck) | Accept | Oct. 11, 2026 |
| 11 | Michelle Klishis | 7.3.16 (2.14) | None | Accept | Oct. 13, 2026 |
| 12 | Rebecca F. Dittenhafer | 7.3.18 (2.16) | $23,594.22 (POC #31) | Reject | Oct. 13, 2026 |

6. The ballots are further described as follows:

(a) Ballot No. 7 was executed on September 21, 2026 by Bill Kessler, who identifies himself as "Home Owner" and his interest as "Contract Party." The Kessler contract is treated in § 7.3.6 of the Amended Plan (Sch. G ¶ 2.4). The ballot checks "Accepts the plan."

(b) Ballot No. 8 was executed on September 25, 2026 by Donald E. Corwin, Jr. on behalf of Wincor Properties and describes the interest as "Unsecured Creditor / Contract Work-In-Progress / Don and Diane Corwin." The Wincor contract is treated in § 7.3.24 (Sch. G ¶ 2.23). The ballot checks "Rejects the plan" and states no claim amount.

(c) Ballot No. 9 was executed on October 9, 2026 by Melissa Sherfinski, who describes her interest as "unsecured (deposit)." The Sherfinski contract is treated in § 7.3.14 (Sch. G ¶ 2.12). The ballot marks "Rejects the plan" and states no claim amount.

(d) Ballot No. 10 was executed on October 11, 2026 by Michael Hyde. It designates "Plan Section 7.3.15 Assumed Contract (Work in Progress)"; a dollar figure of $23,045.03 written on the same line has been struck through and initialed. Ballot No. 10 was transmitted by counsel

for Mr. Hyde and Ms. Klishis, Joseph Pitrolo, Esq., by email on October 13, 2026. The struck figure of $23,045.03 is the deposit paid under the Hyde contract. The Debtor's mailing list only listed Mr. Hyde, and at the request of Mr. Pitrolo, the mailing list was amended to include Ms. Klishis. The ballot checks "Accepts the plan."

(e) Ballot No. 11 was executed on October 13, 2026 by Michelle Klishis and designates "Plan Section 7.3.15 – Assumed Contract (Work in Progress)." Ms. Klishis is a co-party, with Mr. Hyde, to the October 9, 2025 Design & Installation Agreement with the Debtor, and the Debtor and Ms. Klishis have agreed to her status under that contract. The ballot marks "Accepts the plan."

(f) Ballot No. 12 was executed on October 13, 2026 by Rebecca F. Dittenhafer and does not designate a plan class. The Dittenhafer contract is treated in § 7.3.18 (Sch. G ¶ 2.16). The ballot bears the voter's initials and a check mark on the line for "Rejects the plan" and states no claim amount, but Ms. Dittenhafer filed Proof of Claim No. 31 on the same date. *See* ¶ 9

7. No ballot was received from the remaining fourteen (14) Schedule G Counterparties. Barbara and Allen Rowan, whose contract is treated in § 7.3.4 (Sch. G ¶ 2.2), filed an objection to confirmation (Doc. 187) but did not return a ballot. An objection to confirmation is not a ballot and is not counted as a rejection.

**TREATMENT OF THE SCHEDULE G COUNTERPARTY BALLOTS**

8. Only "[t]he holder of a claim or interest allowed under section 502" may accept or reject a plan, 11 U.S.C. § 1126(a), and acceptance is measured class by class, *id.* § 1126(c). The Amended Plan does not place the Schedule G Counterparties in a class of claims. Section 7.3 provides for the assumption of their contracts under 11 U.S.C. § 365, under which the Debtor must cure any default and perform its remaining obligations, and the Amended Plan makes no distribution on account of those contracts. Amended Plan § 7.3; *see* 11 U.S.C. § 365(b)(1). The treatment in § 7.3 leaves the counterparties' contractual rights in place rather than altering them. *See* 11 U.S.C. § 1124. To the extent § 7.3 is regarded as a class, it is unimpaired and conclusively presumed to have accepted the Amended Plan under 11 U.S.C. § 1126(f).

9. The Supplemental Notice advised the Schedule G Counterparties that they could vote if they held a claim against the Debtor, such as a deposit paid for work not yet performed.

None of the three rejecting Schedule G Counterparties (Wincor Properties, Ms. Sherfinski, and Ms. Dittenhafer) is scheduled as holding a claim on Schedule E/F or listed in Class 7.1 of the Amended Plan, and none of their ballots states a claim amount. The Supplemental Notice Order reserves all rights as to whether any work-in-progress contract is executory, as to any cure amount, and as to the allowance of any claim. Supplemental Notice Order ¶ 8.

10. Even if the three rejecting Schedule G Counterparties were treated as holders of Class 7.1 claims, Class 7.1 would still accept in number and amount. Counting the six Class 7.1 acceptances previously reported, the Kessler acceptance, and the Hyde and Klishis acceptances as a single vote, eight holders would have accepted and three rejected, or 72.7% in number, well above the majority required by 11 U.S.C. § 1126(c). In amount, the accepting Class 7.1 claims total at least $145,296.56 without attributing any amount to the Kessler or Hyde contracts, so the three rejecting holders together would need allowed claims exceeding $72,648.28 to bring acceptances below two-thirds in amount.

## CUMULATIVE TABULATION

11. Giving effect to the ballots reported in the Amended Ballot Report, as preserved by ¶ 7 of the Supplemental Notice Order, ¶ 5 of the Scheduling Order, and Rule 3019, together with the ballots received from Schedule G Counterparties, the Debtor has received twelve (12) ballots in total:

| No. | Creditor / Ballot Holder | Class | Claim Amount | Vote | Ballot Date |
|---|---|---|---|---|---|
| 1 | American Express National Bank | 7.1 | $5,963.43 | Accept | June 22, 2026 |
| 2 | Ferguson Enterprises, LLC | 7.1 | $61,362.00 | Accept | June 10, 2026 |
| 3 | Express Employment Professionals | 7.1.17 | $30,314.00 | Accept | June 19, 2026 |
| 4 | Pratt & Larson Ceramics, Inc. | 7.1 | $9,490.13 | Accept | June 9, 2026 |
| 5 | Whipkey Flooring (Paul M. & Regina G. Whipkey) | 7.1 | $10,000.00 | Accept | June 11, 2026 |
| 6 | Marcus W. Estlack and Stephanie Estlack (POC #13) | 5.3.1 / 7.1.16 | $3,800.00 / $28,167.00 | Accept | Aug. 28, 2026 |
| 7 | Bill & Nancy Kessler | § 7.3.6 | None stated | Accept | Sept. 21, 2026 |

| | | | | | |
|---|---|---|---|---|---|
| 8 | Wincor Properties, Don Corwin | § 7.3.24 | None stated | Reject | Sept. 25, 2026 |
| 9 | Melissa Sherfinski | § 7.3.14 | None stated | Reject | Oct. 9, 2026 |
| 10 | Michael Hyde | § 7.3.16 | None stated | Accept | Oct. 11, 2026 |
| 11 | Michelle Klishis | § 7.3.16 | None stated | Accept | Oct. 13, 2026 |
| 12 | Rebecca F. Dittenhafer | § 7.3.18 | None stated | Reject | Oct. 13, 2026 |

12. The results of balloting are tabulated by class as follows:

| **Class** | **Ballots Accepting** | **Ballots Rejecting** | **Amount Accepting** | **Result** |
|---|---|---|---|---|
| Class 7.1 — Undisputed General Unsecured Claims | 6 | 0 | $145,296.56 | ACCEPTS |
| Class 5.3 — Priority Consumer Deposit Claims (11 U.S.C. § 507(a)(7)) | 1 | 0 | $3,800.00 | ACCEPTS |
| § 7.3 — Assumed Work-in-Progress Contracts (Schedule G Counterparties) | 3 ballots (2 contracts) | 3 | None stated | Unimpaired; deemed to accept (§ 1126(f)) |
| All other classes | 0 | 0 | — | No ballots cast |

## ACCEPTANCE UNDER 11 U.S.C. § 1126(c)

13. Class 7.1 (Undisputed General Unsecured Claims) is the principal impaired class entitled to vote on the Amended Plan. Six ballots were cast in that class, aggregating **$145,296.56** in claim amount, and every one accepted the Amended Plan. Class 7.1 has therefore accepted the Amended Plan by one hundred percent (100%) in amount and one hundred percent (100%) in number of the allowed claims of the class members that voted, well in excess of the two-thirds in amount and more than one-half in number required by 11 U.S.C. § 1126(c). As shown in ¶ 10, Class 7.1 would accept in number even if the three rejecting Schedule G Counterparties were counted in that class.

14. One ballot was cast in Class 5.3 (Priority Consumer Deposit Claims), by the holder of Class 5.3.1, accepting the Amended Plan. Holders of Consumer Deposit Claims receive the treatment prescribed by 11 U.S.C. § 1129(a)(9)(B), and to the extent Class 5.3 is unimpaired it is

deemed to have accepted the Amended Plan under 11 U.S.C. § 1126(f) and no ballot is required. To the extent Class 5.3 is entitled to vote, it has accepted: the sole ballot cast in that class accepted the Amended Plan, satisfying § 1126(c). Under either characterization, Class 5.3 is an accepting class.

15. No ballots were received from any other class. Holders of claims in unimpaired classes are not entitled to vote and are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f).

**REPORT ON CONSENSUAL VERSUS NONCONSENSUAL CONFIRMATION**

16. Because every impaired class that voted has accepted the Amended Plan, and the only rejecting ballots were cast by contract counterparties whose treatment under § 7.3 is not that of an impaired class of claims, the Debtor reports that it intends to seek consensual confirmation of the Amended Plan under 11 U.S.C. § 1191(a).

17. The Debtor notes for the Court's information that objections to confirmation remain pending, including those of the State of West Virginia, Office of the Attorney General (Docs. 87, 155, 194), the United States Trustee (Docs. 95, 157, 193), BFS Group f/k/a O.C. Cluss (Doc. 99), WHLR-Pierpont Center, LLC (Docs. 100, 190), and Barbara and Allen Rowan (Doc. 187). Those objections are not votes on the Amended Plan and will be addressed at the confirmation hearing.

18. In the alternative, and in the event the Court determines that any impaired class has not accepted the Amended Plan, that the ballots of the rejecting Schedule G Counterparties are to be counted in an impaired class, or that the requirements of 11 U.S.C. § 1191(a) are otherwise not satisfied, the Debtor requests confirmation of the Amended Plan on a nonconsensual basis under 11 U.S.C. § 1191(b). The Amended Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired under, and has not accepted, the Amended Plan, within the meaning of 11 U.S.C. § 1191(c), in that it commits the Debtor's projected disposable income for the 60-month plan term, including a minimum plan base of $1,123,011.16 and seventy-five percent (75%) of Excess Cash Flow to holders of Class 7.1 claims. The Debtor will present evidence in support of confirmation under either subsection at the confirmation hearing.

19. The Debtor reserves all rights, including the right to object to the allowance of any claim, whether originally scheduled or newly added, notwithstanding the treatment or vote of such claim, and the right to contest whether any Schedule G Counterparty holds an allowed claim entitled to vote. Nothing in this report is an admission that any work-in-progress contract is or is not executory or that any cure amount is owed. *See* Scheduling Order ¶ 6; Supplemental Notice Order ¶ 8.

**WHEREFORE**, the Debtor respectfully submits this Second Amended Ballot Report and requests that the Court (i) find that Class 7.1 and Class 5.3 have accepted the Amended Plan; (ii) find that the ballots cast by Schedule G Counterparties are not votes of an impaired class of claims and do not alter the acceptance of the Amended Plan under 11 U.S.C. § 1126(c), or, alternatively, that Class 7.1 has accepted the Amended Plan even if those ballots are counted; (iii) confirm the Amended Plan on a consensual basis under 11 U.S.C. § 1191(a) at the October 28, 2026 confirmation hearing or, in the alternative, under 11 U.S.C. § 1191(b); and (iv) grant such other and further relief as is just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,
Debtor and Debtor-in-Possession,
By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I, Ryan W. Johnson, hereby certify that on October 25, 2026, I electronically filed the foregoing Debtor's Second Amended Ballot Report and Report on Consensual Versus Nonconsensual Confirmation Under 11 U.S.C. § 1191 with the Clerk of the Court using the CM/ECF system.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession