**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Case No.: 26-00343 |
| DAVIS KITCHEN & TILE, LLC, | Chapter 11 Subchapter V |
| Debtor. | The Honorable David L. Bissett<br>United States Bankruptcy Judge |

**RESERVATION OF RIGHTS OF MICHAEL SCHWALM AND TIFFANY SCHWALM WITH RESPECT TO CONFIRMATION OF THE DEBTOR'S AMENDED SUBCHAPTER V PLAN AND THE TREATMENT OF THEIR CLAIMS**

Michael Schwalm and Tiffany Schwalm (together, the "Schwalms"), creditors and parties in interest in the above-captioned case, by counsel, submit this Reservation of Rights with respect to confirmation of the Debtor's Amended Subchapter V Plan (the "Amended Plan") of Davis Kitchen & Tile, LLC (the "Debtor"), and the treatment of their claims and contracts, and state as follows:

## Background

1. On September 29, 2025, the Schwalms entered into two Design & Installation Agreements with the Debtor (the "Agreements") for the remodeling of the primary and guest bathrooms of their residence at 420 Center Street, Carmichaels, Pennsylvania. Both Michael Schwalm and Tiffany Schwalm are identified in each Agreement as the "Client." Each Agreement called for the Debtor to use reasonable efforts to achieve substantial completion within thirty (30) days after commencement.

2. On September 29, 2025, the Schwalms paid the Debtor the deposits required under Section 3.1 of each Agreement by a single check drawn on their joint account in the amount of $19,326.41 (the "Deposit"), which the Debtor negotiated on or about September 30, 2025.

3. More than a year later, the Debtor has not begun work under either Agreement and has not refunded any portion of the Deposit. The Debtor's Work-in-Progress Report now lists a start date of December 12, 2026 for both projects. See Debtor's Omnibus Response (Doc. 199), Ex. A, Sched. 2. The Debtor acknowledges that the start dates for the Schwalm projects have been deferred repeatedly, id. ¶ 11, and that customer deposits, both before and after the petition date,

were placed in the Debtor's operating account and used for operating expenses, including materials and labor on other customers' projects, id. ¶ 10.

4. The Agreements appear on the Debtor's Amended Schedule G (Doc. 113). The Debtor states that it served the supplemental notice, the Amended Plan, and a ballot on Schedule G counterparties on September 15, 2026 (Doc. 168), and the Court set October 15, 2026 as the deadline for those counterparties to object and vote. The Schwalms were away from home on vacation when the notice package arrived and did not return until September 27, 2026. Upon their return, they had difficulty locating counsel to represent them, and they engaged undersigned counsel only recently. The Schwalms have not elected to proceed under the Agreements under the Amended Plan, and have not consented to any treatment of the Agreements or of their claims.

5. The Schwalms do not wish to proceed under the Agreements and will not accept the Debtor's performance. More than a year has passed since they paid the Deposit, the Debtor has not begun either project, and the Debtor has deferred the start dates repeatedly. Given that history and the Debtor's admission that the Deposit was spent on other customers' projects, the Schwalms have no confidence that the Debtor will complete the work. The Schwalms seek the return of the Deposit and the allowance of their claim as set forth below.

6. On October 27, 2026, undersigned counsel entered an appearance on behalf of the Schwalms (Doc. 198). Before that date, counsel contacted Debtor's counsel to request that the Schwalms' claim be allowed in the amount of $19,326.41, with $7,600.00 ($3,800.00 for each of Michael Schwalm and Tiffany Schwalm) entitled to priority under 11 U.S.C. § 507(a)(7), and the balance of $11,726.41 allowed as a general unsecured claim (the "Requested Treatment"). The Debtor's Omnibus Response acknowledges that request, Doc. 199 ¶ 8, but the Debtor has not yet responded to it.

7. The Debtor states that it has proposed a stipulation to Barbara and Allen Rowan, other consumer deposit claimants, under which the Rowans will receive the same treatment as the Class 5.3 claimants, and that it will treat the claim of Rebecca F. Dittenhafer the same way. Doc. 199 ¶ 8. The Debtor also states that any counterparty whose contract is rejected may file a proof of claim within thirty (30) days after the rejection. Id.

**Reservation of Rights**

8. The confirmation hearing on the Amended Plan is scheduled for October 28, 2026. Because the Debtor has not yet responded to the Schwalms' request, the Schwalms file this Reservation of Rights to make clear that they do not consent to any treatment of the Agreements or of their claims that is less favorable than the Requested Treatment.

9. Section 507(a)(7) grants priority to the claims of individuals "to the extent of $3,800 for each such individual" arising from a prepetition deposit of money in connection with the purchase of property or services for the personal, family, or household use of such individuals that were not delivered or provided. Each of the Schwalms is an individual and a party to the Agreements, and funded the Deposit from jointly owned funds for the household use of both. Each is therefore entitled to a separate priority claim of up to $3,800.00. Under 11 U.S.C. § 1129(a)(9)(B), made applicable by 11 U.S.C. § 1191, the holder of a § 507(a)(7) claim must receive the treatment that section requires unless the holder agrees otherwise. The Schwalms have not agreed otherwise.

10. The Schwalms dispute the Debtor's position that a deposit exceeding the work performed is not a monetary default and that "the cure is completing the work." Doc. 199 ¶ 6. The Debtor has failed for more than a year to begin work it was obligated to complete within weeks, while using the Deposit for other purposes. The Agreements cannot be assumed over the Schwalms' objection unless the Debtor cures its defaults and provides adequate assurance of future performance under 11 U.S.C. § 365(b)(1), which it cannot do on this record. The Agreements should instead be rejected, and the Schwalms' claim allowed and paid as a claim for the return of the Deposit.

11. The Schwalms expressly reserve all of their rights, claims, and remedies, including, without limitation, the right to:

(a) be heard at the confirmation hearing and at any continued hearing, to seek leave to object to the Amended Plan and to vote notwithstanding the October 15, 2026 deadline, and to object to any modification of the Amended Plan;

(b) file one or more proofs of claim, jointly or separately, including within thirty (30) days after any rejection or termination of the Agreements, and to have such claims

deemed timely filed, including on the grounds of lack of notice or excusable neglect under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure;

(c) assert that each of Michael Schwalm and Tiffany Schwalm holds a separate claim entitled to priority under 11 U.S.C. § 507(a)(7), to be treated as required by 11 U.S.C. § 1129(a)(9)(B);

(d) move to compel the Debtor to assume or reject the Agreements within a specified time under 11 U.S.C. § 365(d)(2), to seek relief from the automatic stay to terminate the Agreements, and to require cure and adequate assurance of future performance as a condition of any assumption;

(e) receive treatment no less favorable than that afforded to other similarly situated consumer deposit claimants, including the Rowans and Ms. Dittenhafer;

(f) assert that all or any part of the Deposit is held in trust for the Schwalms, or is subject to a constructive or resulting trust, and is not property of the estate under 11 U.S.C. § 541(d);

(g) assert any right of setoff or recoupment, and any right with respect to the dischargeability of the Debtor's obligations to the Schwalms, to the extent available under 11 U.S.C. §§ 523 and 1192 and applicable law;

(h) pursue any claim or remedy against any non-debtor, including, without limitation, the Debtor's principals, insurers, sureties, or bonding companies, and any applicable contractor licensing or home improvement recovery fund; and

(i) take any other action, and assert any other right, claim, defense, or remedy, available to them under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Agreements, or applicable non-bankruptcy law.

12. The Schwalms request that any order confirming the Amended Plan provide that (a) the Agreements are rejected effective as of the date of entry of the confirmation order; (b) the Schwalms may file proofs of claim within thirty (30) days after entry of the confirmation order, which shall be deemed timely filed, and their claims shall be treated in accordance with 11 U.S.C.

§ 1129(a)(9)(B) to the extent entitled to priority under 11 U.S.C. § 507(a)(7) and otherwise as general unsecured claims; and (c) nothing in the Amended Plan or the confirmation order determines, waives, releases, discharges, or impairs the Schwalms' claims, including the claim of each of Michael Schwalm and Tiffany Schwalm to priority under 11 U.S.C. § 507(a)(7), or deems the Schwalms to have elected to proceed under, or consented to the assumption of, the Agreements.

13. Nothing in this Reservation of Rights, and no negotiation or communication between the Schwalms and the Debtor, shall be construed as (a) a waiver or release of any of the Schwalms' rights, claims, or remedies; (b) an admission as to the amount, priority, or validity of any claim; (c) consent to the jurisdiction of this Court for any purpose other than the allowance and treatment of the Schwalms' claims; or (d) a waiver of the Schwalms' right to trial by jury, to de novo review by a United States District Court Judge of any final order in a non-core matter, or to move to withdraw the reference. The Schwalms reserve the right to supplement or amend this Reservation of Rights.

WHEREFORE, Michael Schwalm and Tiffany Schwalm respectfully request that the Court take notice of this Reservation of Rights, include the provisions requested in paragraph 12 in any order confirming the Amended Plan, and grant such other and further relief as is just and proper.

Dated: October 27, 2026

MICHAEL SCHWALM and
TIFFANY SCHWALM,
By Counsel

Phillips Gardill Kaiser & Altmeyer, PLLC

By: /s/ Denise Knouse-Snyder
Denise Knouse-Snyder (WV State Bar # 7073)
Phillips Gardill Kaiser & Altmeyer, PLLC
61 14th Street
Wheeling, WV 26003-8731
304-232-6810 (T)
304-232-4918 (F)
denisesnyder@pgka.com
Attorney for Michael Schwalm and Tiffany Schwalm

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Case No.: 26-00343 |
| DAVIS KITCHEN & TILE, LLC, | Chapter 11 Subchapter V |
| Debtor. | The Honorable David L. Bissett<br>United States Bankruptcy Judge |

## CERTIFICATE OF SERVICE

I, Denise Knouse-Snyder, hereby certify that on October 27, 2026, I electronically filed the foregoing Reservation of Rights of Michael Schwalm and Tiffany Schwalm with Respect to ConfirmatioMn of the Debtor's Amended Subchapter V Plan and the Treatment of Their Claims with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including counsel for the Debtor, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Denise Knouse-Snyder
Denise Knouse-Snyder (WV State Bar # 7073)