**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br>DAVIS KITCHEN & TILE, LLC,<br>Debtor. | Case No. 1:26-bk-00343<br>Chapter 11 |

**DEBTOR'S RESPONSE AND OBJECTION TO WHLR-PIERPONT CENTER, LLC'S CERTIFICATION OF COUNSEL REGARDING DEFAULTS UNDER THE ORDER CONTINUING CONFIRMATION HEARING (DOC. 222)**

Davis Kitchen & Tile, LLC (the "Debtor"), by undersigned counsel, files this response and objection, pursuant to ¶ 4 of the Court's Order Continuing Confirmation Hearing, Motion to Assume Lease and Motion to Compel Rejection of Lease, and Establishing Rent Payment, Default, Reserve and Reporting Requirements (Doc. 215) (the "Continuance Order"), to the Certification of Counsel Regarding Defaults filed by WHLR-Pierpont Center, LLC (the "Landlord") on November 24, 2026 (Doc. 222) (the "Notice of Default"), and states as follows:

## BACKGROUND

1. Paragraph 3(a) of the Continuance Order required the Debtor to pay the Landlord, on or before November 23, 2026, the post-petition rent that remained unpaid, identified as the May 2026 stub rent ($2,536.06), the September 2026 rent ($4,444.53), the October 2026 rent ($4,444.53) and the November 2026 rent ($4,444.53), totaling $15,869.65.

2. The Debtor paid the Landlord as follows:

| Obligation under Doc. 215 ¶ 3(a) | Amount | Due | Paid | Status |
|---|---:|---|---|---|
| September 2026 rent | $4,444.53 | Nov. 23, 2026 | Oct. 29, 2026 | PAID |
| May 2026 stub rent | $2,536.06 | Nov. 23, 2026 | Nov. 23, 2026 | PAID |
| October 2026 rent | $4,444.53 | Nov. 23, 2026 | Nov. 23, 2026 | PAID |
| November 2026 rent | $4,444.53 | Nov. 23, 2026 | | UNPAID |

| | | | | |
|---|---|---|---|---|
| Total paid on or before November 23, 2026 | $11,425.12 | | | |

3. The September 2026 rent was paid by wire on October 29, 2026, the day after the hearing and before entry of the Continuance Order on November 5, 2026. The May 2026 stub rent and the October 2026 rent, $6,980.59 in total, were paid on November 23, 2026. (See Ex. A).

4. The Notice of Default identifies a single unpaid item: the November 2026 rent of $4,444.53. Notice of Default ¶ 5. The Landlord does not contend that any other amount required by ¶ 3(a) remains unpaid.

5. The Debtor acknowledges that the November 2026 rent was not paid by November 23, 2026. The Debtor has informed counsel that it will pay the November 2026 rent of $4,444.53 to the Landlord on or before November 30, 2026.

## OBJECTION

6. Paragraph 4 of the Continuance Order provides that the Debtor "may contest the Notice of Default by filing an objection within five (5) days after service," that, if an objection is timely filed, "the Court will determine, at a hearing or on the papers, whether a default has occurred," and that the consequences of an order of default are rejection and termination of the Lease, turnover of the Premises within 30 days, and termination of the automatic stay.

7. The Debtor does not dispute that the November rent was not paid on November 23, 2026. The Debtor objects to entry of an order of default because the Debtor has indicated that the default will be cured in full on November 30, 2026. (See Ex. A), and the consequence the Landlord seeks, the forfeiture of the Lease and the loss of the Debtor's showroom on 30 days' notice, is disproportionate to a payment that may be 7 days late. The Continuance Order provides that the Court "may" enter an order of default; it does not require one.

8. On or before November 23, 2026, the Debtor paid $11,425.12, or 72% of the $15,869.65 required by ¶ 3(a), and each payment is credited against its allowed administrative expense claim under ¶ 3 of the Continuance Order.

9. Entry of an order of default would, by contrast, cause substantial harm to the estate and its creditors. The Premises are the Debtor's showroom and sales office, from which it sells and schedules the work that funds its operations and its proposed Plan. As of November 20, 2026, the Debtor had about 33 jobs on its production schedule, about 17 of them in progress and six new customer contracts during the month of October. (See Doc. 219). Many of those customers are consumers who paid deposits and whose projects are being performed under the oversight this Court established in the Continuance Order. Termination of the Lease on 30 days' notice, with the confirmation hearing set for January 27, 2027, would disrupt that work and could foreclose the reorganization before the Court has the opportunity to consider it.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain this objection; (ii) determine whether the default identified will have been timely cured and decline to enter an order of default; (iii) in the alternative, set the Notice of Default for hearing; and (iv) grant such other relief as is just and proper.

Respectfully submitted,

DAVIS KITCHEN & TILE, LLC,

Debtor and Debtor-in-Possession,

By Counsel

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003
(304) 212-4950
ryanjohnson@johnsonlegalservicespllc.com
Counsel for the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

I, Ryan W. Johnson, hereby certify that on November 24, 2026, I electronically filed the foregoing Debtor's Response and Objection to WHLR-Pierpont Center, LLC's Certification of Counsel Regarding Defaults (Doc. 222) with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to all parties participating in the same, including counsel for WHLR-Pierpont Center, LLC, the Subchapter V Trustee, and the Office of the United States Trustee.

/s/ Ryan W. Johnson
Ryan W. Johnson (WVSB #14178)
JOHNSON LEGAL SERVICES, PLLC
1049 Market Street
Wheeling, WV 26003